# WINDSOR COUNTY,

---

### Sewall Smith *v.* Charles Edmunds.

Where the defendant had, in a suit in his favor against a third person, caused the property of the plaintiff to be attached as the property of such third person, and the plaintiff had commenced an action of trespass therefor against the attaching officer, and the defendant covenanted absolutely that he would pay to the plaintiff the value of the property so attached, if the plaintiff would discontinue the suit against the officer, and the agreement contained also a stipulation that the value of the property should be ascertained by the appraisal of certain persons agreed upon, it was held that such stipulation was not in the nature of a submission to arbitration, but an incidental provision in the agreement, designed to facilitate its execution on the part of the defendant, and that, the plaintiff having discontinued his suit against the officer, and the defendant having prevented the appraisal from being made as stipulated, the plaintiff, in an action upon the defendant's agreement, was entitled to recover the value of the property attached, and to prove its value by common law evidence.

And it was held that the plaintiff's right to recover, in such case, was not affected, though the agreement contained a stipulation that the appraisal should be made by a day specified, and the arbitrators, at the defendant's request, continued the appraisal from that day to one subsequent; — and that the plaintiff might prove such request by parol evidence.

And a revocation of the powers of such appraisers, made in writing and signed by the defendant, and by him delivered to the appraisers at such subsequent day, though not under seal, — the appraisers refusing, in consequence thereof, to proceed farther with the appraisement, — was held sufficient to entitle the plaintiff to commence his action upon the defendant's covenants.

If the consideration for a covenant is set forth in the declaration in the words of the agreement containing the covenant, there can be no variance.

This was an action of covenant broken, founded upon an instrument in writing, executed under seal by the plaintiff and defendant, dated November 19, 1839, of the following tenor :

Smith *v.* Edmunds.

"Articles," &c. "The said Sewall Smith, for the consideration
"hereafter mentioned, hath agreed, and doth hereby covenant,
"promise and agree that he will stop, discontinue and cease to
"prosecute an action of trespass, that he has now pending in the
"county court of Windsor County against Ephraim Ingraham, Jr.,
"and make no farther cost or expense in or about the same. And
"the said Charles Edmunds, in consideration thereof, hath agreed,
"and doth hereby covenant, promise and agree, that he will pay to
"the said Sewall Smith the full value of all the property taken and
"attached by Ephraim Ingraham, Jr., deputy sheriff, on the ninth
"day of May, 1839, at said Andover, on a writ of attachment in
"favor of the said Charles Edmunds against Allen Marshall and
"George Marshall, both of said Andover,—all of said property to
"be appraised by Perkins N. Wiley of Weston, and Riley A. Dem-
"ing of Chester, or, in case of the failure of both of them, by Niles
"Aldrich and Stephen Smith, both of Londonderry, Vermont, and,
"in case of the failure of one of the appraisers first named, then by
"Stephen Smith and the other,—who shall make an award in wri-
"ting of the true and just value of said property on the day of its
"attachment, on an examination of such of the property as can be
"procured, and of legal evidence that may be produced of the value
"of the rest of the property, together with the interest on the same
"since the day of attachment, together with all legal cost that has
"arisen on the suit of the said Smith against the said Ingraham,
"and to pay all the legal expense that may accrue on the appraise-
"ment of said property, including the compensation to the apprais-
"ers, and also to pay the said Sewall Smith ten dollars for his ex-
"pense and trouble in and about the said suit of him the said Smith
"against the said Ingraham;—the appraisement of said property to
"be made on or before the first day of February next,—the day, if
"before, to be decided on by the appraisers,—the appraisement to
"be made at the Inn of Ephraim Ingraham, Jr., in Chester."

The plaintiff alleged in his declaration, as matter of inducement,
that, on the 9th day of May, 1839, one Ephraim Ingraham, Jr., a
deputy sheriff, attached on a writ in favor of the defendant against
Allen Marshall and George Marshall a large amount of property
belonging to the plaintiff, consisting of store goods, horses, &c.;
that the plaintiff commenced an action of trespass against Ingraham,

which action was entered in Windsor county court; and that, while that action was pending, the agreement declared upon was executed;— and also stated, in reference to the consideration, that by the said indenture " it was witnessed that the said Sewall Smith, for the " consideration thereinafter mentioned, covenanted, promised and " agreed that he would stop, discontinue, and cease to prose- " cute the said action of trespass that he had then pending in the " county court of said Windsor County against said Ephraim In- " graham, Jr., and make no farther cost or expense in or about the " same; and the said Charles Edmunds, *in consideration thereof*, " did, by the said articles of agreement, covenant," &c., setting out the provisions of the agreement as above specified.

The plaintiff farther alleged in his declaration that he did dis- continue the action against Ingraham; that, Perkins N. Wiley having failed to attend to the appraisement of the property, he, plaintiff, procured the said Riley A. Deming and Stephen Smith to attend at the Inn of said Ingraham on the said first day of February, 1840, for the purpose of appraising said property, of which the de- fendant had notice; that he, plaintiff, attended with his witnesses on that day; that, at the request of the defendant, and by the agree- ment of the parties, the appraisers ordered the hearing continued to the fifth day of February, 1840; that on that day the appraisers again met, and the plaintiff again attended with his witnesses, and the defendant then presented to the appraisers a writing directed to the appraisers, and signed by the defendant, and not sealed, of the following tenor;—" Gent.  You are hereby notified that I revoke " the submission made with Sewall Smith on the 19th day of Nov- " ember, and leave Mr. Smith to his remedy on the bond;" and that the said appraisers thereupon, and in consequence of said wri- ting, refused to proceed farther with the appraisal.

The plaintiff farther alleged in his declaration, as breaches of the defendant's covenants, that the defendant had never paid to him the value of said property, which he averred was $136.71, nor the legal costs of the action against Ingraham, amounting to $7.15, nor the legal expenses of the plaintiff in and about the appraisal of said property, which he averred was $19.97, nor the said sum of ten dollars mentioned in the agreement.

The defendant pleaded that he had not broken his said covenants,

*non est factum,* and performance, and, also, that, after the attachment of the property by Ingraham, and before the execution of the articles of agreement declared upon, the plaintiff and defendant had a discourse in reference to the title of the plaintiff to said property, and that the plaintiff then claimed to be the owner of the property, by virtue of a written assignment from Allen Marshall and George Marshall to him, which he said was executed long prior to said attachment, and that the defendant then proposed to him, that, if he would exhibit to the defendant and his counsel the written assignment so described by the plaintiff, he, the defendant, would, on finding said assignment legally drawn, make a full compensation to the plaintiff for his loss on account of said attachment ; that the plaintiff assented thereto, and, on the same day, exhibited to the defendant a written assignment from the said Allen & George Marshall to the plaintiff, "purporting to convey to him the same property attached" as above mentioned ; that the defendant, relying upon the representations of the plaintiff, and believing that said assignment was executed prior to said attachment, was induced to, and did, enter into said articles of agreement declared upon ; but that in truth the assignment then exhibited by the plaintiff to the defendant was executed long subsequent to said attachment, and that the plaintiff well knew said fact, but concealed it for the purpose of deceiving and defrauding the defendant.

The plaintiff joined issue on the three first pleas of the defendant, and to the fourth plea replied that he did not, at the time therein mentioned, nor at any other time, exhibit to the defendant a written assignment from the said Allen and George Marshall to the plaintiff, " purporting to convey " to the plaintiff " the same property so attached " as above mentioned. On this replication the defendant joined issue. Trial by jury.

On trial, the plaintiff, to sustain the issue upon his part, offered in evidence the agreement declared upon, a copy of which is above given ; to the admission of this the defendant objected on the ground of variance, — claiming that the whole consideration for the defendant's promises, as shown by this agreement, was not set forth in the declaration. The court overruled the objection and admitted the testimony. The plaintiff then offered in evidence the written revocation set forth in his declaration ; to which the defendant ob-

jected, as not amounting to a legal revocation; but the court over-
ruled the objection.   The plaintiff then offered *parol* evidence of a
request and agreement on the part of the defendant to have said
appraisement adjourned from the said first day of February to the
said fifth day of February; to which the defendant objected; but
the court admitted the testimony.   To all which decisions the de-
fendant excepted.

The plaintiff, after proving all the allegations in his declaration,
offered evidence to prove the value of the property attached by the
said Ephraim Ingraham, Jr., — to the admission of which evidence
the defendant objected, and it was excluded by the court; to which
decision the plaintiff excepted.

The defendant then moved to dismiss the action, on the ground
that the county court had not jurisdiction,—which motion was over-
ruled; to which decision the defendant excepted.

The defendant, in support of his last plea, offered in evidence a
writing, executed and sealed by Allen Marshall and George Mar-
shall, without date, of the following tenor; " We the subscribers
" hereby assign and transfer to Sewall Smith all the sums of mon-
" ey due us on this book, for the purpose of securing a $500 note
" due from us to John W. Neal, or bearer, and by him indorsed
" over to Sewall Smith; and this instrument is hereby declared to
" be a part of the transaction by which we, the subscribers, have
" turned out to the said Smith certain personal property, such as
" all our store goods, horses, shingles, harnesses, &c. &c. in trust
" for the payment of said note; and, after the same is adjusted to
" the satisfaction of said Smith, then this book, and other property
" which remains in his hands, which we turned out to him, he is to
" deliver to us on demanding the same.   The above described
" property we agree to have the said Smith sell at auction, or other-
" wise, as he shall think most proper.   The above property was
" turned out and conveyed into the possession of the said Sewall
" Smith on the 26th and 27th days of April, A. D. 1839."   To the
admission of this writing the plaintiff objected, on the ground that
it did not purport to convey the property, as set forth in said plea.
This objection was sustained by the court and the evidence reject-
ed; to which the defendant excepted.

The jury returned a verdict for the plaintiff, for the amount of

his claims, as specified in his declaration, except the value of the property attached.

*Washburn* and *Fullam* for plaintiff.

The plaintiff insists,

1. That he is entitled to recover, in this action, the value of the property attached by Ingraham.

The defendant *covenanted absolutely* to pay the value of the property, &c. ;—the appraisement was only the mode of ascertaining that value; and, in case it had been made, and the defendant had neglected or refused, to pay the value, and a suit had been brought on his covenant, the appraisement would only have been *evidence* of the value. *Garr* v. *Gomez*, 9 Wend. 661. *Elmendorf* v. *Harris*, 5 Wend. 522. *Peters* v. *Newkirk*, 6 Cow. 103.

It was the defendant's own fault that the value of the property was not ascertained in the way agreed upon by the parties, and therefore the plaintiff is entitled to have the value of the property ascertained by other evidence. *Jones* v. *Barkley*, Doug. 689. *Kingston* v. *Preston*, cited in *Ib*. *Fleming* v. *Gilbert*, 3 Johns. 531. *Dewey* v. *Derby*, 20 Johns. 464. *Day* v. *Essex Co. Bank*, 13 Vt. 97.

And it was not necessary that the plaintiff should have released Ingraham, in order to establish his right to recover the value of the property. It was not a condition of the defendant's covenant that the plaintiff should release Ingraham. Nor was it necessary that there should be any such condition ; for the very fulfilment on the part of the defendant would have operated to discharge Ingraham. If forbearance to sue, without releasing the debt, is a good consideration for a promise to pay the debt of a third person, most certainly to stop, discontinue and cease to prosecute a suit already commenced must be a good consideration for a *covenant* to pay the debt, without releasing it.

2. That there is no variance between the declaration, and the agreement offered in evidence.

3. That parol evidence was property admitted of a request and agreement on the part of the defendant to have the appraisal adjourned from the first to the fifth day of February. *Fleming* v. *Gilbert*, 3 Johns. 527. *Dewey* v. *Derby*, 20 Johns. 464. *Hawley* v. *Hodge*, 7 Vt. 237.

4. That the assignment offered in evidence by the defendant, in support of his last plea, was properly excluded. It does not purport to be an assignment of the property attached, but only of all sums of money due on a certain book of accounts, in which that instrument was written.

5. That the defendant's motion to dismiss the action for want of jurisdiction was properly overruled by the court. *Gale* v. *Bonyea*, 1 D. Ch. 208. *Ladd* v. *Hill*, 4 Vt. 164. *Learned* v. *Bellows*, 8 Vt. 79.

*D. Kellogg* and *L. Adams* for defendant.

1. Had the county court original jurisdiction of this action? It is insisted, that, in all actions *ex contractu*, the rule of damages governs the jurisdiction; and that, when the *quantum* of damages appears, either by the declaration, or by plaintiff's exhibits, questions of jurisdiction will be determined *thereby*. 12 Vt. 595. *Hair* v. *Bell*, 6 Vt. 38. *Wilson* v. *Daniel*, 1 Pet. Cond. R. 185, 3 Dall. 401. What then is the rule of damages in this case? If this is to be treated like an ordinary case of submission to arbitration and a revocation of the submission then the rule is fixed and certain, and the damages are less than forty dollars. 1 Sw. Dig. 465. The plaintiff can in no event recover the value of the property attached, as that matter is still open, and the inquiry would be collateral to this action. If the plaintiff had *released* his original *right of action* against Ingraham, the case would merit a different consideration; but he agreed only to discontinue his action, leaving his *cause of action* still open. *Van Cortland* v. *Underhill*, 17 Johns. 405.

2. The whole consideration was not set forth. 1 Ch. Pl. 327. Yelv. 57, note (1.) All that the plaintiff was, by the agreement, bound to perform, and all his stipulations, should have been set forth as parcel of the consideration for the defendant's promises.

3. The court erred in admitting parol evidence of the enlargement of the time for making the award. The submission having been under seal, any alteration of the contract should also have been under seal.

4. The court also erred in deciding that the written revocation, *made after the time limited for making the award*, was a legal revo-

cation. It was not under seal, — and it did not tend to sustain the issue. The defendant pleaded a general performance of his covenants; any evidence, therefore, which did not tend to show a legal breach, was inadmissible; and that a revocation, made under such circumstances, does not amount to a breach of the original agreement, is too well settled to admit of doubt. *Freeman* v. *Adams*, 9 Johns. 115. *Brown* v. *Goodman*, 4 T. R. 592. 2 Aik. 417. *Langworthy* v. *Smith*, 2 Wend. 587.

5. The defendant's special plea in bar is, in substance, that he was induced to enter into the agreement declared on by the fraud of the plaintiff,—setting forth all the circumstances. Upon this plea the plaintiff's traverse is very narrow, viz., the construction of the assignment,—that is whether it purported to convey the property in dispute from the Marshalls to the plaintiff. So far as the defendant is concerned, such issue is wholly immaterial, if it is properly found for the plaintiff; because, if the defendant was justified in putting that construction on the instrument, he was not the less imposed upon by the plaintiff; because it did not in fact purport such a conveyance. And who will say that he was not justified in giving the assignment that construction, when the plea shows that the plaintiff exhibited it to the defendant, and claimed to hold the property by virtue of it. All this is admitted by the replication. The court would, therefore, at all events, award a repleader, if the court below did right in rejecting the evidence. 11 Vt. 490.

The opinion of the court was delivered by

Royce, J. In this case exceptions were taken by both parties at the trial. I shall begin with the question reserved by the plaintiff, as to the admissibility of evidence to prove the value of the property; because this involves a construction of the agreement of Nov. 19, 1839, and the views entertained by the court upon this part of the case will be found to dispose of several questions which were saved by the defendant. In that agreement there was an express and positive covenant on the part of the plaintiff, ( which it seems he duly performed,) to discontinue his action against Ingraham,— and a covenant equally express and positive on the part of the defendant, to pay the value of the property attached, as well as to make certain other payments for costs, trouble and expense. But it is urged that those covenants were dependent upon the appraisal

to be made of the property; — that the appraisal could be regarded in no other light than as a matter submitted to arbitrators, whose powers, as such, were legally subject to the right of revocation; — and consequently that the defendant, by revoking those powers, or preventing the appraisal, defeated his covenant to pay for the property. We think, however, that the agreement should receive a different and more just construction. The appraisers were merely to determine the value of the property. They were not authorized to find any sum due from one party to the other, nor to direct any payment to be made, or other act to be done on either side. And, although their decision might have been conclusive upon the single question of value, it could not have possessed the ordinary properties of an award, as it could never have become the substantive ground of any suit or action. The stipulation relating to an appraisal is more properly to be treated as an incidental provision in the agreement, designed to facilitate its execution on the part of the defendant. And in this view it might even be doubted whether the obligation to procure an appraisal to be made did not rest wholly upon the defendant. At most there was but a mutual undertaking to effect that object. And since the plaintiff endeavored faithfully to procure the appraisal, the defendant should derive no benefit from having defeated it. He can claim to be in no better condition than if the appraisal had been waived by mutual consent. In that case his covenant to pay the value of the property would remain in force, as it now does. And the mode originally contemplated for ascertaining the value having become impracticable without the plaintiff's fault, he should be allowed to resort to the ordinary mode. It follows that the evidence offered by the plaintiff to prove the value of the property attached was incorrectly excluded.

The view thus taken of the agreement furnishes an answer to the defendant's motion to dismiss, founded on the alleged want of original jurisdiction in the county court. It farther shews that neither the adjournment by the appraisers to a day beyond the time limited by the articles of agreement, nor the want of a seal to the revocation interposed by the defendant, should be permitted to prejudice the plaintiff's right. The adjournment was the act of the appraisers done at the defendant's request, whilst the revocation was his sole act. On his part they would seem to have been alike intended to defeat the appraisal,—a purpose which was finally effected. But as

that result was not imputable to any act, neglect, or consent of the plaintiff, his remedy upon the agreement was not thereby abridged.

An objection was taken to the agreement, when offered in evidence, on the ground of variance from the declaration in reference to the consideration of the defendant's covenant to make the several payments. The plaintiff's agreement concerning the appraisal was claimed to have made a part of the consideration of that covenant. It is certain, however, that there is no literal variance, since the declaration has, in this particular, adopted the very words of the agreement. The plaintiff having therein bound himself to discontinue his action, the defendant, "in consideration thereof, covenants" &c. Neither do we think there is any intrinsic or real variance, inasmuch as the succeeding provision, for having the property appraised, was doubtless understood as relating merely to the performance of the covenant, and not as forming any part of its consideration. It may be added that the defendant is estopped by his deed from alleging any different consideration from the one therein stated.

A single point remains to be considered. The question arising under the defendant's *fourth plea* was, whether the written assignment from George and Allen Marshall to the plaintiff conveyed, or purported to convey, the same property for which the plaintiff brought his action against Ingraham. And the slightest inspection of that instrument is sufficient to show that the question was rightly determined in the negative. That assignment was only of a certain book of accounts, and the sums of money due thereon. It refers, indeed, to a transfer of the other property to the plaintiff, as having been made before the attachment by Ingraham. It also professes to be part of the same transaction by which that transfer was made. But the writing explains this latter declaration simply to mean, that both the transfer and assignment were made in execution of the same pre-existing contract, or upon the same consideration. It is impossible so to construe the assignment, as to make it operate to pass any interest in the property before transferred, or to render the validity of the previous transfer in any measure dependent upon it.

The conclusion is, that the rejection of evidence to show the value of the property furnishes the only sufficient reason for reversing the judgment below. On that ground the judgment is reversed.