Hon. TIMOTHY P. REDFIELD,  
Hon. JONATHAN ROSS,     } Assistant Judges.  
Hon. WALTER C. DUNTON,

---

### CROSBY v. BLANCHARD.

*Contract. Arbitration. Award on Sunday.*

Plaintiff and defendant swapped horses. The horse plaintiff got had a swelled leg. It was agreed that if the swelling did not subside in a certain time, defendant should pay as damage by reason thereof such sum as M. might estimate the damage to be. The swelling did not subside; and plaintiff requested defendant to go with him to M. and have the damage estimated. Defendant replied that plaintiff might go alone; and accordingly plaintiff showed the horse to M. on a week day, and requested him to decide as to the damage. M. accordingly examined the horse and made an estimate of damage, but declined to announce it except in presence of both parties. Plaintiff informed defendant thereof, and requested him to go with him and hear M's decision; but defendant declined, saying plaintiff might procure a memorandum, thereof signed by M., which plaintiff did on the following Sunday, and exhibited to defendant on a following week day. Defendant refused to pay, for that the decision was an award made on Sunday. *Held,* that defendant was liable on the contract, and not on M's decision as on an award ; and that the announcement on Sunday of a decision made and finally communicated to defendant on a week day, could not vitiate the contract.

ASSUMPSIT. Plea, general issue, and trial by jury, December Term, 1877, BARRETT, J., presiding.

It appeared that in the spring of 1876, the plaintiff and the defendant swapped horses, the horse thereby obtained by the plaintiff having a swelled leg. It was then agreed that if the swelling did not subside during the summer, the defendant should pay as damage by reason thereof such sum as one Marcy might estimate it to be. The swelling did not subside ; and in November the plaintiff requested the defendant to go with him to Marcy and have the horse examined and the damage estimated. The defendant replied that the plaintiff might as well go alone. Afterwards, on Thursday, November 9, the plaintiff showed the horse to Marcy and requested him to decide as to damage, pursuant to the agreement. Marcy accordingly examined the horse, and made an estimate of the damage, but declined to announce it, except in presence of both parties. The plaintiff soon after informed the defendant thereof, and requested him to go with him to Marcy, and have Marcy announce his decision ; but defendant said that plaintiff might as well go alone, and get a memorandum of the sum, signed by Marcy. On the following Sunday, at about 11 o'clock in the forenoon, plaintiff went to Marcy and told him what defendant had said, and requested him to make such a memorandum and give it to him, which he did. In a few days, and on a week day, plaintiff exhibited the memorandum and the figures therein to defendant, and requested him to pay the sum therein specified, which was $25 ; but defendant declined to pay it.

The defendant requested the court to charge, that the decision would be inoperative by reason of what was done on Sunday ; but the court charged that if the examination and estimate were made on Thursday, the decision would bind the defendant, notwithstanding the memorandum was made on Sunday as proved. Exceptions by the defendant. Verdict for the plaintiff for $25 and interest.

—— —— for the defendant.

The award having been made on Sunday, is void. *Strong* v. *Elliot*, 8 Cow. 27 ; *Goss* v. *Whitney*, 27 Vt. 272.

Till the award was actually made and published, the contract was not consummated.

The plaintiff had a voluntary agency in procuring the decision to be made on Sunday, and it was not a work of necessity nor charity. Under the statutes of the State, the action cannot be maintained. *Adams* v. *Gay*, 19 Vt. 358 ; *Sargeant* v. *Butts*, 21 Vt. 99 ; *Lyon* v. *Strong*, 6 Vt. 219 ; 2 Parsons Cont. 759, note q̇., and cases cited.

*J. B. Farnsworth* and *W. C. French*, for the plaintiff.

The defendant's liability arises from his contract, and is not affected by the question raised. *Smith* v. *Edmunds*, 16 Vt. 687.

But if there was an arbitration, what was done on Sunday would not invalidate the plaintiff's claim. The award was really made on Thursday. The act on Sunday was merely the giving of notice ; and the giving of notice is not necessary, unless it is expressly provided for in the submission. Caldw. Arb. 66 ; *Parsons* v. *Aldrich*, 6 N. H. 264 ; 2 Saund. 62, 64. The award was also published on Thursday. An award is published when the arbitrator makes his decision and gives notice that the award may be had. 2 Greenl. Ev. s. 75 ; *Macarthur* v. *Campbell*, 5 B. & Ad. 518 ; *Musselbrook* v. *Dunkin*, 9 Bing. 605. But if an arbitration is begun on a week day, it may continue into and the award be made on Sunday. *Sargeant* v. *Butts*, 21 Vt. 99 ; *Blood* v. *Bates*, 31 Vt. 147.

The opinion of the court was delivered by

DUNTON, J. It is claimed by the defendant's counsel in the argument, that this suit is upon an award which was made upon Sunday by the procurement of the plaintiff, and that the same is void, and therefore the plaintiff cannot recover.

But whatever liability the defendant is under to the plaintiff, is upon the contract of April 20, 1876 ; and the agreement to pay the damage to the horse obtained by the plaintiff from the defendant, caused by the swelling of its leg, in case such swelling did not go down during the following summer, is not wholly dependent upon Marcy's estimating such damage. *Smith* v. *Edmunds*, 16 Vt. 687.

The agreement in question is somewhat analogous to a stipulation in an insurance policy that in case of loss or damage by fire, and the parties cannot agree upon the amount of the sum, one or more indifferent persons are to be chosen by the parties, in the manner therein provided, to estimate or fix the amount of such loss or damage. It has been repeatedly held that recovery can be had upon such a policy, without having, or offering to have, the loss or damage estimated or fixed in the manner therein provided. *Goldston* v. *Osborn*, 2 C. & P. 550 ; *Robinson* v. *Insurance Co.* 17 Me. 131 ; Sansum's Digest of the Law of Insurance, 134, 135.

Were the agreement in question to be construed as claimed by the defendant's counsel, and had Marcy died before estimating the damages, or refused to have ·anything to do with the matter, the plaintiff would be remediless. But Marcy was merely to determine the amount of such damage. He was not authorized to find any sum due from one party to the other, or to direct any payment to be made, or other act to be done, by either party. His decision, although conclusive upon the single question submitted to his determination, does not possess the ordinary characteristics of an award, and is not the substantive ground of this suit. *Smith* v. *Edmunds, supra.*

The case shows that Marcy completed his estimate of the damage in question upon Thursday, but then declined to announce it, for the reason that both parties were not present. The mere fact that he announced it on the following Sunday, under the circumstances disclosed by the case, does not affect the validity of the contract. As well might it be claimed if A should go to B's stable, in his absence, on Friday, and take therefrom a horse that B had for sale, and leave word with the servant in charge of the stable that he would pay B for the horse, not knowing what the price was, and on the following Sabbath B should make out and send to A a bill of the same, that A would not be liable to pay for it because such bill was made out upon Sunday.

The defendant agreed to pay an additional sum for the horse he had of the plaintiff, unless a certain contingency happened, which did not, as a part of the price or consideration for the horse. This sum was the damage to the horse caused by the swelling of

its leg, and was susceptible of being estimated otherwise than as agreed ; but the fact that it was so estimated or fixed, and that Marcy made known what this sum was on Sunday, could not affect the validity of such agreement. *Sargeant* v. *Butts*, 21 Vt. 99 ; *Blood* v. *Bates*, 31 Vt. 147.

If it were necessary for the defendant to have notice of Marcy's estimate of the damage before the plaintiff could maintain a suit on said contract, although Marcy put his estimate of such damage upon paper on Sunday, this paper was not shown or delivered to the defendant, until a subsequent secular day. It has been held that a promissory note made upon Sunday but not delivered until a subsequent secular day, is valid ; as it takes effect only from delivery. *Lovejoy* v. *Whipple*, 18 Vt. 379.

Judgment affirmed.