Sargeant v. Butts.

ALLEN M. SARGEANT v. HARVEY BUTTS.

The supreme court will not examine questions, in a case pending before them upon exceptions, which were not raised and decided in the county court.

In order to render a contract void, for the reason that it was closed on Sunday, it must appear, that the party seeking to enforce it had some voluntary agency in consummating the contract on that day.

Where parties submitted their differences to arbitration, and the arbitrators met on Saturday and heard the parties, and continued their hearing until after midnight, and then remained together until they had made their award, which they published to the parties, who still remained together, between one and three o'clock on Sunday morning, it was held, that the award was not void, but that the party, in whose favor it was made, might sustain an action upon it.

If a contract for the payment of money be fully made and completed on Sunday, and the party subsequently, upon another day, promise to pay the money, this will ratify the contract and entitle the promissee to sustain an action upon it.

ASSUMPSIT on an award. Plea, the general issue, and trial by jury, November Adjourned Term, 1848,—ROYCE, Ch. J., presiding.

On trial it appeared, that on the fourteenth day of August, 1847, the plaintiff and defendant mutually agreed to submit a certain mat-

ter of difference, existing between them, to the arbitrament and final decision of two arbitrators, named, and promised to abide and perform their award; that the arbitrators met the parties on the same day, which was on Saturday, both parties attending, and continued to hear the parties and their counsel, upon the matter submitted, until after midnight, when they retired to consider of their award; and that between one and three o'clock on Sunday morning they published their award, that the defendant pay to the plaintiff fifty dollars,—which is the award declared upon,—both parties being still present, and no objection having been made on account of the time when the case was submitted, or the award made and published. It farther appeared, that a few days after the award was made and published, an agent of the plaintiff inquired of the defendant, what he was calculating to do in regard to said award; that he replied, that he was going to pay it, and that, if it could lie a short time, he would pay it; and that it was permitted to lie two months, before this suit was commenced.

Upon these facts the county court rendered judgment for the plaintiff, to recover the amount of the award and interest. Exceptions by defendant.

*M. Scott*, for defendant, insisted, that the contract, sought to be enforced by this suit, was made and consummated on Sunday, and was therefore void for illegality,—citing *Lyon* v. *Strong*, 6 Vt. 219, *Lovejoy* v. *Whipple*, 18 Vt. 379, and *Adams* v. *Gay*, 19 Vt. 358; that a conditional promise to pay is not an affirmance of such contract, unless acceded to by the other party at the time, so that both parties become bound; and that in this case the award was also void for not following the submission.

*C. Beckwith* and *H. E. Hubbell*, for plaintiff, insisted, that all the arbitrators had to do after Saturday, in order to make their award valid, was to make it known, and that their doing this after twelve o'clock on Saturday night would not invalidate the award; that the gist of the action is the defendant's promise, the legality of which is not questioned; that the sitting of the arbitrators was one continuous act, which the law, for the purpose of upholding the award,

Sargeant *v.* Butts.

will consider as of one day; and that, at all events, the subsequent promise of the defendant was an affirmance of the contract, which entitled the plaintiff to sue upon it,—citing, to this point, *Adams* v. *Gay*, 19 Vt. 358.

The opinion of the court was delivered by

REDFIELD, J. It does not appear, that any question was made in the court below in regard to the submission following the award. If not, it could not be raised here for the first time, unless some general exception were taken at the trial, which included this within its scope. That was not the case here. The case expressly states, that one matter was submitted and the same matter awarded upon. So that there really is no ground whatever for any such exception now to rest upon. The mere formal recitation in the preamble of the award, that this and all matters of difference had been submitted to them, could not be regarded as of any importance, unless it appear, by proof adduced at the trial, that other matters of difference existed, and were submitted and not awarded upon. If that were made to appear in the case, it would, no doubt, be a fatal objection. As it would, also, if matters not submitted had been awarded upon. But no such thing is made to appear.

The objection, that the award was made upon the morning of Sunday is certainly not a sound objection to the validity of the contract. In order to render a contract void, for the reason that it was closed on Sunday, it must appear, that the party seeking to enforce it had some voluntary agency in consummating the contract on that day. But here the agency of the plaintiff closed upon Saturday. The arbitrators might retain the case under consideration during Sunday, and make their award upon another day, or close it at the earliest possible moment, and then set themselves to the appropriate celebration of the Lord's day, freed from the care of this and other worldly anxieties, of a secular character. The latter course to us seems the more consistent with that unostentatious humble-mindedness, which is so befitting the Christian profession. Some would doubtless prefer a more *decided declaration* of their conscientious feelings upon the subject, that they could feel the more assured, that they had performed the important duty of maintaining Christian

warfare! But the course pursued by these arbitrators will be satisfactory to most minds. It is not very different from a court receiving a verdict upon Sunday,—which, for special reasons, they no doubt might do. No one would question the regularity of a judgment for that reason alone, I think.

But if the award were void for any voluntary agency of the plaintiff, in the hearing upon Sunday, it was fully ratified and confirmed by the defendant's subsequent promise. *Adams* v. *Gay*, 19 Vt. 358.

Judgment affirmed.