EDWIN C. SAYLES *vs.* WILLIAM H. WELLMAN.

S. sold and delivered to W. on Sunday a pair of horses for $340. On the following Tuesday, W. paid $200, and gave a note for $140 on which S. afterwards brought suit. *Held*, that although the contract was originally made on Sunday, the plaintiff was entitled to recover, by reason of its subsequent ratification, and also by reason of a new promise, for which the retention of the property was a sufficient consideration.

ASSUMPSIT to recover $140 and interest on a promissory note dated June 25, 1869, given by the defendant to the plaintiff. At the trial of the case at the March Term, 1872, of this court for this county, before Mr. Justice *Durfee* and a jury, it appeared in evidence that the plaintiff sold and delivered to the defendant on a Sunday a pair of horses, for $340, and that on the Tuesday following the defendant paid the plaintiff $200 of the $340, and gave the note declared on for the balance, in completion of the contract.

The presiding judge instructed the jury, that if the trade was made on a Sunday, and the note given on a week day, that was a reaffirmance of the contract, and the plaintiff should recover on the note unless there were other defences to the same. A verdict having been rendered in favor of the plaintiff for $176.88 and costs, the defendant alleged exceptions and moved for a new trial.

*B. N. & S. S. Lapham*, for the defendant, in support of the exceptions. The sale was made in violation of the provisions of section 16 of chapter 216 of the Revised Statutes, therefore no action could be sustained for the price by the plaintiff. *Fennell* v. *Rider*, 5 B. & C. 406 ; *Smith* v. *Sparrow*, 4 Bing. 84 ; cited in *Allen* v. *Gardiner*, 7 R. I. 22.

The cause of action is based upon the illegal act of the plaintiff, and arises from the violation of a positive law on his part, and he has no right to claim the assistance of any court. *Whelden* v. *Chappel*, 8 R. I. 231, and cases cited.

The court will not lend its aid to the plaintiff, because he has himself violated the law in this transaction. The defence is not sustained on account of any regard for the defendant, but as a principle of public policy based on the maxim, "*Ex dolo malo non oritur actio.*"

In this view of the case no subsequent promise of the defendant can avail the plaintiff, who is debarred from sustaining his suit on the ground of his own illegal act. The defendant cannot grant him absolution, and the court cannot assist him who has violated the law. *Kountz* v. *Price et al.* 40 Miss. 341 ; *Finn* v. *Donahue*, 35 Conn. 216 ; *Armstrong* v. *Toler*, 11 Wheat. 258 ; *Bradley* v. *Rea*, 14 Allen, 20, and 103 Mass. 188 ; *Day* v. *McAllister*, 15 Gray, 433 ; *Varney* v. *French*, 19 N. H. 233, 239 ; *Allen* v. *Deming*, 14 N. H. 133, 140 ; *Pope* v. *Linn*, 50 Me. 83.

*Slocum*, for the plaintiff, *contra.* 1st. The contract having been commenced on a Sunday, but not completed until a subsequent day, was a valid contract. *Adams* v. *Gay*, 19 Vt. 358; *Bloxsom* v. *Williams*, 3 B. & C. 232.

2d. The contract was not completed until the $200 was paid and the note given, to wit, Tuesday.

3d. It is not sufficient to avoid a Sunday contract, that it was entered into then; it must be consummated on that day. *Adams* v. *Gay*, 19 Vt. 358; *Sumner* v. *Jones*, 24 Vt. 317; *Stackpole* v. *Symonds*, 3 Foster, 229.

4th. The contract in suit merely grew out of a transaction which took place on a Sunday, and is not for this reason void. *Adams* v. *Gay*, 19 Vt. 358; *Butler* v. *Lee*, 11 Ala. 885; *Bloxsom* v. *Williams*, 3 B. & C. 232.

5th. The defendant, by paying the $200, and giving his promissory note for the balance on the Tuesday following, thereby recognized, ratified, and reaffirmed the contract. *Adams* v. *Gay*, 19 Vt. 358; *Banks* v. *Werts*, 13 Ind. 203; *Sargeant* v. *Butts*, 21 Vt. 99; *Sumner* v. *Jones*, 24 Vt. 317; *Clough* v. *Davis*, 9 N. H. 500.

POTTER, J. On the trial of this case, the judge charged the jury that if the contract was made on Sunday and reaffirmed afterwards the plaintiff might recover, and to this charge exception is taken.

The plaintiff sold and delivered to defendant on Sunday a pair of horses for $340. On Tuesday following he paid $200, and gave a note for $140, which is now sued.

Defence that contract was made on Sunday, and no action can be sustained, and that no subsequent promise can avail.

The English statute on this subject is that of Charles 2, chap. 7, § 1: No person "shall do or exercise any worldly labor, business, or work of their ordinary callings upon the Lord's day or any part thereof (works of necessity and charity only excepted)."

Our Rhode Island statute is as follows: If any person shall do or exercise any labor or business or work of his ordinary calling, or use any game, &c., &c., on the first day of the week . . . . works of necessity and charity only excepted, . . . . he shall be fined, &c. Rev. Stat. chap. 216, § 16.

It will be noticed that so far as affects this case our statute is

almost an exact transcript of the English. It is entirely different from all the Sunday laws of other states, excepting that of New Hampshire, which more nearly resembles it. Under the English statute any person may do business on Sunday provided it be not in his ordinary calling. See cases cited in *Boynton* v. *Page*, 13 Wend. 425, 429 ; and in *Story* v. *Elliot*, 8 Cowen, 27 ; and by C. J. Redfield in *Adams* v. *Gay*, 19 Vt. 358, 365.

In the present case it is admitted that the plaintiff's ordinary occupation was training, buying, and selling horses. If the contract was entirely void so far as made on Sunday, then the property of the horses remained in the original owner and was not changed by it. *Ladd et al.* v. *Rogers*, 11 Allen, 209.

There are some opinions to the contrary, but we think there is sound sense in the opinion of the court in *Adams* v. *Gay*, 19 Vt. 358, where in a very able opinion by C. J. Redfield, the court held that contracts on Sunday are distinguished from other illegal contracts to secure an immoral end or for an immoral consideration, — being illegal only as to time, not tainted with any general corruption (371), and may be affirmed afterwards ; that the rule should be so administered (369) as not to leave it in the power of the reckless and irreligious to circumvent and defraud the unwary under the guise of the sacredness of the time, and not to allow the dishonest to retain possession of what they may get from such contracts and release them from liability, all which would produce infinite mischief. " Where either party has done anything under the contract . . . . he may demand restitution . . . . or compensation," and thus put the other party to his election. If he declines restitution or compensation, this should be held to affirm the contract. In that case the defendant having insisted on retaining the fruits of his fraud, was held to have reaffirmed the fraud. If he seeks through his own desecration of the day to obtain a benefit without compensation, he becomes the oppressor.

In *Williams* v. *Paul*, 6 Bing. 653, the defendant bought a heifer on Sunday, but kept it and afterwards promised to pay for it. Held liable. In the subsequent case of *Simpson* v. *Nichols*, 3 M. & W. 240, defendant pleaded sale was on a Sunday, and plaintiff replied that defendant kept the goods for his own use, but did not aver any subsequent promise. The replication was

held bad. But this seems to have been only on the ground that no subsequent promise was averred.

In *Sargeant* v. *Butts*, 21 Vt. 99, there was a subsequent promise. In *Sumner* v. *Jones*, 24 Vt. 317, keeping the property and part payment was held to be a ratification.

In *Banks* v. *Werts*, 13 Ind. 203, it was held sufficient that, subsequently to the Sunday on which the contract was made, the parties had acted on it as valid, and there had been a part payment.

We think that as the contract is invalid only on account of the time, reason and the weight of authority are in favor of allowing a ratification, more especially where the defendant retains the property. And either on the ground of ratification or of a new promise, for which the retention of the property would be a sufficient consideration, the plaintiff is entitled to recover.

*Exceptions overruled.*