JOHNS V. BAILEY ET AL.

1. **Contract**: WHEN MADE ON SUNDAY: TRANSFERREE NOT PREJUDICED. A written contract made on Sunday, but bearing the date of another day of the week, may be transferred, and will be enforced in the hands of a transferree in good faith and without notice.

2. **Pleading**: DEMURRER. A failure to demur will not deprive the appellant of the right to urge a legal objection to the judgment, when the fact upon which the objection was based was not pleaded.

*Appeal from Grundy Circuit Court.*

THURSDAY, DECEMBER 14.

PLAINTIFF brought this action at law, seeking to recover a tract of land described in his petition upon the claim of holding the fee simple title thereto. The defendants deny plaintiff's right to the land, and, in their answer, show that he had sold it to Mary Skeels and executed a writing witnessing the sale and obligating him to convey the land to her; that possession of the land was taken under this contract by Mary Skeels and valuable improvements made thereon, and, afterward, she sold and transferred all her right and interest under the contract to defendants. The contract of sale and assignment thereof are as follows:

"*Know all men by these presents:* That I, Henry Johns, of Grundy county, Iowa, have this day bargained and sold

unto Mary Skeels, of Grundy county, Iowa, the north-west ¼ of the south-east ¼ of section 32, township 88, range 17. The said Henry Johns holds said premises by virtue of a tax deed, and it is the tax title that is intended to be sold to said Mary Skeels.

"It is agreed that said Mary Skeels is to pay all taxes after this date. The price agreed upon for the purchase of said tax title is as follows: The said Mary Skeels is to deliver five hundred bushels of good wheat at the residence of Henry Johns, in Shiloh township, Grundy county, Iowa. One hundred bushels of wheat yearly, until said five hundred bushels is delivered.

"Now, if said wheat is delivered as agreed, and the taxes are. paid as agreed, then Henry Johns will make and deliver to said Mary Skeels a quit claim deed of said premises unto Mary Skeels.	HENRY JOHNS."

"December 21, 1874.

"COLFAX, GRUNDY COUNTY, IOWA, May 20, 1875.

"For and in consideration of one hundred dollars to me in hand paid by Bailey & Strevell, of Stephenson county, Ill., the receipt of which is hereby acknowledged, I hereby sell, transfer and set over to said Bailey & Strevell all my right, title and interest to the within contract. Also, all the improvements thereon, including house, stable, and all other improvements.	MARY SKEELS,

"Witness:.	CHAS. SKEELS."

"JAS. RAYMOND."

It is further alleged in the answer that defendant entered upon the land under the transfer from Mary Skeels, which was for value. They make their answer a cross-petition, and ask that the cause be transferred to the equity side of the court, and that they be adjudged to hold rightful possession of the property, etc.

In reply to this answer plaintiff sets up that the contract under which defendants claim the land, as assignees of Mary Skeels, was executed and delivered upon Sunday, and never ratified by him, and is, therefore, of no effect.

Upon a trial on the merits, a decree was entered for plaintiff, confirming his title and awarding him possession of the land. Defendants appeal. Other facts of the case necessary to an understanding of the decision of the court appear in the opinion.

*Huff & Reed*, for appellants.

*William V. Allen*, for appellee.

Beck, J.—I. The decision of this cause turns wholly upon the sufficiency of the contract of sale and obligation to convey the land, executed by plaintiff. There is no dispute as to the title held by him, and the sufficiency of the assignment by Mary Skeels to transfer her interest and right to defendants is not questioned. We are requested to do nothing more than to determine whether the contract of plaintiff in the hands of defendants can be enforced.

1. CONTRACT: when made on Sunday: transferee not prejudiced.

The evidence conclusively shows that Mary Skeels and her husband took and held possession of the land under the contract, and that the instrument was executed and delivered on Sunday. It bears date, however, of another day. The defendants, about five months after the execution of the contract, purchased Mrs. Skeels' interest in the land, paying her a sufficient consideration, and immediately entered into possession of the land. They had no notice of the fact that the contract was made on Sunday.

We are to determine whether, under these facts, defendants acquired the interest in and the right to the lands which the instrument in question purports to transfer.

It has been repeatedly held by this court that a contract executed on Sunday, as between the parties, is of no effect and will not be enforced by the courts of this State. The decisions are based upon the principle that contracts in violation of law are without binding force; the parties thereto, being *in delicto*, can claim no rights under them. Secular employment is forbidden on Sunday by the laws of this State; contracts, therefore, cannot be entered into on that day without a violation

of law, and cannot be enforced. The ground of the principle upon which such a contract is pronounced invalid is the violation of the law by the parties thereto. It is *causa turpis.* The parties to the contract are *participes criminis,* and are *in pari delicto;* neither can enforce the contract, for both are violators of the law.

A contract made on Sunday is not a nullity. If for labor which is performed on another day by one party, the other cannot set up its turpitude to defeat an action thereon against him. *Mernwiths v. Smith,* 44 Geo., 541. It is not wholly inoperative, for when executed no relief will be granted to either party. *Myers v. Merwrath,* 101 Mass., 366. When such a contract is spoken of as being void, the language is understood to mean voidable, that is, it may be defeated, cannot be enforced by action. See *Pike v. King,* 16 Iowa, 49; *Adams v. Gay,* 19 Vt., 358.

We know of no reason why a written contract made on Sunday may not be transferred by proper writing. Surely, such a transfer would be valid between the parties thereto. If the contract is not a nullity, it may be transferred. When transferred, what are the rights of the parties? If the assignee took no part in the inception of the contract, and had no notice of its turpitude, he did not violate the law forbidding the execution of the instrument. He is not *participes criminis* with the obligor.

The rule, *ex turpi causa non oritur actio,* will not avail to protect a wrong-doer against an innocent party whose rights have been acquired without notice of the violation of law. *Quick v. Thomas,* 6 Mich., 76. The courts will afford relief where parties to an illegal contract are not *in pari delicto. Schermerhorn v. Talman,* 14 N. Y., 93; *Tracy v. Talmage,* Id., 162; *Quick v. Thomas, supra.*

In order to defeat a contract made on Sunday, it must be shown that the party seeking to enforce it had some voluntary agency in consummating the contract on that day. *Sargeant v. Butts,* 21 Vt., 99.

II. In the case before us the plaintiff caused the contract to be dated as though it had been executed on a secular day.

By this act the defendants may have been misled and induced
to believe that the defense now made to the contract did not,
in fact, exist.   While giving all the appearance of legality to
his contract, plaintiff cannot set up its illegality to protect
himself against the instrument when in the hands of a good
faith holder without notice.   He is estopped to deny the valid-
ity of the instrument when he by his own act has given it
such character.   See *Knox v. Clifford*, 38 Wis., 651; *Cran-
son v. Gross*, 107 Mass., 439, and authorities cited.

The foregoing views are not in conflict with any decision
heretofore made by this court.   They certainly accord with
the rules of equity, and lead to a result approved by justice.
Applying them to the case in hand, we hold that plaintiff can-
not set up the execution of the contract· on Sunday to defeat
it in the hands of defendants, who are good faith purchasers
for value and without notice of the illegality pleaded.

III.  The plaintiff insists that, as defendants did not demur
to his reply to their answer, they cannot now urge objection
to the judgment on the ground that they are good
faith assignees of the contract without notice.

2. PLEADING:
demurrer.

Without determining the effect of a failure to demur in a
proper case, it is a sufficient answer to the objection to say
that a demurrer to plaintiff's reply would not have raised the
question involving the validity of the contract in the hands
of defendants, which we have discussed, and upon which their
rights depend.   Defendants, therefore, could not have demur-
red to plaintiff's reply.   This will plainly appear from a
brief statement of the pleadings.   The petition claims to
recover upon the legal title held by plaintiff; the answer sets
up the contract and thereon claims that the equitable title
is in defendants; the reply alleges simply that the contract
was made on Sunday and was never ratified by plaintiff, and
denies the allegations of the anwer.   A demurrer to the reply
would have admitted the facts pleaded therein and no other.
The assignment to defendants of the contract for value, and
without notice, was not set up in the reply, but was denied
therein.   It would not have been taken as admitted by the
court, in passing upon this demurrer, for the court would not

have looked to prior or subsequent pleadings for facts admitted, nor considered facts not pleaded or admitted, in rendering judgment on the demurrer. The facts alleged by the reply only would have stood as admitted. These did not include the assignment of the contract in good faith and for value and without notice, the very gist of defendants' case.

IV. The action was commenced before the time fixed for payment by the contract. Defendants do not ask that the contract be specifically enforced by a decree requiring plaintiff to execute a deed for the land. The relief they ask is that they may be secured in the possession of the land which they acquired and held under the contract. To this relief they are entitled. Their right to a conveyance of the land will depend upon their performance of the contract in making the payments stipulated therein.

A decree will, at the option of defendants, be entered in this court dismissing plaintiff's petition and granting the relief prayed for by defendants in their answer, and declaring the contract under which they claim valid and binding in their hands, or the cause will be remanded to the Circuit Court that such a decree may be there entered.

REVERSED.