## DAVIDSON v. CARTER.

1. **Fraud**: ACTION BETWEEN PARTIES TO: WEAKNESS OF INTELLECT. Where the plaintiff, who was ignorant and of weak intellect, under the influence and advice of the defendant, executed to the latter a note and mortgage in fraud of his creditors and without consideration, it was held that the principle which denies relief to parties in *pari delicto* was not applicable in an action to recover of the defendant the amount of the illegal note, which had been transferred to a third party and paid by the plaintiff, it appearing that the plaintiff was ignorant of the illegality of the transaction while the defendant was not.

2. **Practice in the Supreme Court**: AMENDED ABSTRACT: MOTION TO STRIKE. Facts considered under which it was held that a motion to strike from the files an amended abstract, on the ground that it was not filed within the time allowed by the rules of the court, would not be sustained.

*Appeal from Clarke Circuit Court.*

FRIDAY, DECEMBER 10.

ON the first day of February, 1875, the plaintiff executed to the order of Carpan Carter a promissory note for $300,

and secured the same by a chattel mortgage. Carter sold and transferred the note and mortgage to one Daniel Miller. Subsequently the plaintiff, pursuant to permission given by Miller, sold a part of the mortgaged property and obtained therefor a note for $250, which he turned over to Miller in part satisfaction of the note secured by the mortgage and transferred to him. Afterward the plaintiff commenced this action to recover of defendant the amount paid upon the $300 note, upon the ground that it and the mortgage securing it were obtained from the plaintiff without consideration, and by imposing upon and taking advantage of the plaintiff's weakness of intellect.

The cause was tried to the court, and judgment was rendered for the plaintiff for $262.75 and costs. The defendant appeals.

*Wilson Bros.*, for the appellant.

*P. Likes* and *Stuart Bros.*, for the appellee.

DAY, J.—I. The evidence tends to establish the following facts: The plaintiff is an uneducated man, not being able to write his name. He is subject to epileptic fits, and is of weak mind.

1. FRAUD: action between parties to: weakness of intellect.

The defendant is a man of more than usual shrewdness. The plaintiff regarded the defendant as his best friend, and the defendant had great influence over him. The administrator of the estate of one Morrison sued the plaintiff and recovered a judgment for $28. The plaintiff claimed that the debt had been paid, and that the judgment was unjust. He informed the defendant of his situation, and told him he would have the debt to pay a second time, as he had property, out of which the debt could be made.

The defendant then induced him to execute a note for $300, and secure it by a mortgage upon his personal property not exempt from execution, saying that he would thus hold his

personal property for him where it could not be reached for this debt.

The note and mortgage were without consideration. The plaintiff was not aware that he was violating the law in the execution of the mortgage for the purpose of placing his property beyond the reach of creditors.

The defendant was aware that the act was a violation of law, and afterward he sought to deter the plaintiff from disclosing the facts by telling him that he was liable to be sent to the penitentiary.

The point mainly relied upon by the appellant is that if the facts are as claimed by the plaintiff he can have no relief, because he was a party to a fraudulent and unlawful act. That a party who is in *pari delicto* cannot make his illegal act the basis of a recovery has been definitely settled by this and other courts. But where a stronger mind takes advantage of a weaker, and by persuasion and influence procures the unlawful act, this rule ceases to be applicable. The wrong then rests chiefly, if not solely, on the person by whom it was contrived, and his confederate is regarded as the mere instrument for accomplishing an end not his own. If a party should be allowed immunity under such circumstances he would be permitted to take advantage of his own wrong, and reap a benefit from his fraud. The principle which denies relief to a party in *pari delicto* is not, in our opinion, applicable to this case. See the following authorities: *Cook v. Colyer*, 2 B. Monroe, 71; *Ford v. Harrington*, 16 N. Y., 285; *Smith v. Bromley*, 2 Doug., 696; *Long v. Long*, 9 Ind., 348; *Horton v. Riley*, 11 M. & W., 492; *Smith v. Cuff*, 6 M. & S., 160; Equity Leading Cases, 3d Am. Ed., vol. 3, page 153.

II. The defendant insists, however, that from the evidence the court should have found that the note and mortgage were executed in consideration of money loaned, and that the contrary finding of the court is not supported by the evidence.

It is not shown that the appellant's abstract is an abstract of all the evidence.

The trial judge certifies that the transcript is a correct copy of all the evidence introduced upon the trial. But there is no statement that the abstract is an abstract of all the evidence contained in the transcript. We have frequently held that such a certificate as that exhibited in this case does not authorize us to review a question of fact.

The appellee filed an amended abstract. If that should be regarded, in connection with the abstract of appellant, as presenting all the evidence, we are of the opinion that the evidence fully warrants the finding of the court.

III. The appellant moves to strike the amended abstract of the appellee from the files, upon the ground that it was not served within the time prescribed by the rules of court. The appellant's abstract was served on the 14th day of February, and filed on the 18th. The appellee's abstract was served on the 19th day of May, and filed on the 21st. The cause was submitted on the 8th day of June, twenty days after the amended abstract was served.

2. PRACTICE in the supreme court: amended abstract: motion to strike.

It is apparent from what has already been said that the motion involves nothing but the cost of printing the amended abstract, since, independently of it, the finding of the court upon questions of fact must be affirmed. The appellant had ample time after service of the amended abstract and before the submission of the cause to examine the abstract and point out its errors, if any exist. The appellant sustained no prejudice from the delay in service.

We are of opinion that, under the circumstances of this case, the motion to strike from the files the amended abstract should be overruled.

AFFIRMED.