T. F. COLLINS AND JOHN H. COLLINS, Administrators of the Estate of Caleb Collins, Deceased, v. IRA W. COLLINS, Appellant.

**Bills and notes:** EXECUTION ON SUNDAY: LEGALITY.  A note executed on Sunday is voidable only, and to defeat its enforcement on that ground it must be shown that the payee participated in the making of the illegal contract; the mere fact that the maker executed and mailed the instrument to the payee on Sunday, without the knowledge or intention of the payee that it should be done, is not sufficient to establish its invalidity.

**Appeal:** DELAY IN FILING ABSTRACT: AMENDMENT: COSTS.  Where sufficient excuse is shown for a slight delay in filing an amended abstract it should not be stricken on that ground; nor should it be stricken when presenting material matter not included in appellant's abstract; but when containing evidence on an issue not involved in the appeal the appellee should be taxed with the costs of printing the same.

*Appeal from Davis District Court.*—HON. D. M. ANDERSON, Judge.

TUESDAY, OCTOBER 27, 1908.

SUIT on promissory notes executed by the defendant.  A jury was waived and the case tried to the court, and plaintiff recovered a judgment for a part of his claim.  The defendant appeals.—*Affirmed.*

*T. P. Bence* and *S. S. Carruthers,* for appellant.

*Payne & Sowers,* for appellees.

SHERWIN, J.—The plaintiff is the administrator of the estate of Caleb Collins, and brought this suit on a promissory note for $4,619, dated September 6, 1904,

and due one year after date. The note provided for interest at the rate of 7 per cent. per annum, and provided for compounding the same. The petition alleged that the defendant was a nonresident of the State, and asked that a writ of attachment issue as provided by statute. A proper bond was filed, and a writ was issued on September 7, 1905. Levy under said writ was made on the defendant's undivided interest in a tract of land situated in Davis county. The defendant answered, denying generally the allegations of the petition, except that he was a nonresident in 1906. He specifically denied that he executed and delivered the note set out in the petition on the date therein stated. He also pleaded, as a defense to said note, that it was void because it had been materially altered since, its execution and delivery, and alleged that the alteration was made by Caleb Collins, or some other party unknown to defendant, by dating said note September 6, 1904, when in fact it was executed and delivered September 4, 1904, on Sunday. He also alleged that the rate of interest had been inserted after the execution of the note. The defendant further pleaded, in several amendments to his original answer, and in different ways, that, at the time of the execution and delivery of the note of September 6, 1904, there was an oral agreement between him and Caleb Collins, who was his uncle, that the defendant should execute a will devising all of his property to said uncle, and that, in case of his death prior to the death of his uncle, the will should become effective, but that in case of the death of the uncle before that of the defendant, the note in suit should be canceled and become void. A copy of a purported will, which devised practically the defendant's entire estate to Caleb Collins, was attached to the answer, and made a part thereof, but it contained no reference to the oral agreement alleged by the defendant, relating to the note in suit, or to the alleged

agreement in reference thereto. This defense was stricken upon motion, and thereafter the plaintiff amended his petition by alleging that, at the time of the execution and delivery of the note of September 6, 1904, originally sued on, Caleb Collins was the owner and holder of three other notes, executed and delivered to him by the defendant, which were due and unpaid, and that the note originally sued on was made and intended as a renewal in part or in whole of. the said notes.

The plaintiff further alleged that the three notes referred to, and set out as a part of the petition, were a part of the assets of the estate, and that the defendant was justly indebted to the estate on them. The notes declared on in the amendment to the petition were as follows: One dated April 1, 1890, for $1,835, due four years after date, on which there were indorsements aggregating $176.40. The second note was dated October 15, 1903, for $2,485.78, due six months after date. The third note was dated April 10, 1894, for $408, due one year after date. The defendant filed an answer to the amended petition, admitting the execution and delivery of the notes therein sued on, but denying that the note of October 15, 1903, for $2,485.78 was executed and delivered on the date it bears. He also denied that the note sued on in the original petition was a renewal of the note of April 1, 1890, for $1,835, and further denied that the note originally sued on was a renewal, in whole or in part, of any of the notes set out in the amended petition. On the issues thus joined the case was tried to the court without the intervention of a jury, as we have heretofore stated, the defendant claiming that the note originally sued on, and the note dated October 15, 1903, were in fact executed and delivered by him on Sunday, September 4, 1904. At the time of this alleged transaction the defendant was a resident of Kirksville, Mo., and Caleb Collins was a resident of Iowa, and the

plaintiff claimed that the two notes were signed by him in Kirksville, and that they were mailed to Caleb Collins at that point. The defendant was not a witness in the case himself, but he offered the testimony of a brother, who, at the time of the alleged transaction in question, was a resident of Valley Junction, Iowa, and who testified that he went to Kirksville, Mo., on September 3d, the day before the notes were executed, and that he saw the defendant sign them and mail them to Caleb Collins. He was the only witness who gave any testimony as to the transaction in question. There were many facts and circumstances, however, which tended to contradict this witness, and to render the testimony given by him extremely improbable.

The trial court filed a written finding, holding that the evidence failed to show that the note dated October 15, 1903, was in fact signed and delivered on September 4, 1904, and further found that it was signed on the 15th of October, 1903, and that the plaintiff was entitled to recover from the defendant thereon. The trial court further found that the note dated September 6, 1904, for $4,619 was in fact signed on Sunday, September 4, 1904, but he held that the fact that it was signed on Sunday did not invalidate it. He also found as a matter of fact that, when the note was sent to the defendant for his signature, it was complete, except as to the rate of interest and the signature, and that these were to be supplied by the defendant, and that the figure 7, fixing the rate of interest which the note should bear, was inserted therein by the defendant. The court also found that the note, to which we have just referred, was given in renewal of one or two other notes; but, as we do not deem that a material factor in our disposition of the case, we shall give it no further attention. The final judgment of the court was in favor of the plaintiff on the note of $2,485.78, dated October

15, 1903, and the note dated September 6, 1904, for $4,619.

The fact finding of the trial court comes to us with the full force and effect of a verdict of a jury, and we are fully satisfied that the record sustains the finding of the court as to both notes. It may be said in this connection that the suggestion of the court, as to the small note which he thought might have been renewed in the note of September 6, 1904, is not supported by the evidence, but we do not deem this material to a disposition of the case. The trial court was clearly right in finding for the plaintiff on the note of October 15, 1903, and that may be dismissed from further consideration in this connection. The finding of fact that the note of September 6, 1904, was signed on Sunday necessarily carries with it the conclusion that it was mailed to Caleb Collins on the same day; and, if it was the intention of both the maker and the payee of the note that such mailing should constitute a delivery, the transaction would fall within the rule of *Tharp v. Thero,* 112 Iowa, 573. But this case is not controlling, for the reason that the evidence almost conclusively shows that Caleb Collins did not know that the note was in fact executed on Sunday, and did not intend that it should be so executed. If this be true, it can make no difference with the plaintiff's right to recover whether the defendant signed the note and delivered it in the mail on the date he claims he did or not. A note executed on Sunday, in violation of the provisions of Code, Section 5040, is not absolutely void, but is voidable only. The ground upon which courts refuse to entertain actions on contracts made in contravention of Sunday statutes is because one who has participated in a violation of law can not be permitted to assert in a court of justice any right founded upon or growing out of the illegal transaction. *Johns v. Bailey,* 45 Iowa, 241. And al-

*1. BILLS AND NOTES: execution on Sunday: legality.*

though a note may be executed on Sunday, it may still be enforced, unless it be shown that the payee was a party to the illegal transaction. In other words, to defeat recovery on such a note, it must be shown that both the maker and the payee were parties to the illegal contract. In *Johns v. Bailey, supra,* we said, speaking of a Sunday contract: "If the assignee took no part in the inception of the contract, and had no notice of its turpitude, he did not violate the law forbidding the execution of the instrument. He is not *particeps criminis* with the obligor. The rule *'exturpi causa non orator actio'* will not avail to protect a wrongdoer against an innocent party whose rights have been acquired without notice of the violation of law. . . . The courts will afford relief where parties to an illegal contract are not in *pari delicto.* . . . In order to defeat a contract made on Sunday, it must be shown that the party seeking to enforce it had some voluntary agency in consummating the contract on that day. *Sargeant v. Butts,* 21 Vt. 99." See generally in support of this conclusion the *Johns* case, *Davidson v. Carter,* 55 Iowa, 117; *Leightman v. Kadetska et al.,* 58 Iowa, 676; Clark on Contracts, 498, and 20 Enc. of Pleading & Practice, 1202. These cases are determinative of the liability of the defendant of the note of September 6, 1904, no matter when he signed and mailed it, and the trial court was clearly right in rendering judgment for the plaintiff thereon. Our conclusion on this branch of the case disposes of the appellant's contention relative to the attached property, and we need say nothing more about that.

The appellee filed an amendment to the appellant's abstract, and the appellant filed a motion to strike the same, for the reasons that it was not filed in time, and because it contains immaterial matter. While the abstract was not filed strictly within the time provided by the rule, a

2. APPEAL: delay in filing abstract: amendment: costs.

sufficient excuse is shown for the slight delay in filing, and it should not be stricken on that ground.

The amended abstract presents some matters material to a disposition of the case which were not disclosed in the appellant's abstract, and for that reason the motion to strike should be overruled. There are, however, several pages of the amended abstract which set out testimony on an issue not involved in this appeal, and the appellee should be taxed the sum of $5 for printing the same. The cost of the balance of the amended abstract will be taxed to the appellant.

The judgment of the district court is *affirmed*. .