Barnes v. The Incorporated Town of Newton.

BARNES v. THE INCORPORATED TOWN OF NEWTON.

1. **Jury:** CHALLENGE: ERROR WITHOUT PREJUDICE. If a challenge for cause is overruled and the party making the challenge fails to exhaust his peremptory challenges, the action of the court in overruling the challenge, even if erroneous, is error without prejudice.

2. **Municipal Corporations:** SIDEWALK: PLEADING. A city is liable for an accident caused by a defective sidewalk, although the walk may have been constructed by a private person without its order, if the defect were known to the proper officers of the city, or might have been known by the exercise of ordinary care in time to have repaired it before the accident. An allegation that the improvement was made by the city is supported by proof that it was made by a citizen.

3. **Evidence:** CONCLUSION OF WITNESS. A witness cannot be asked a question the answer to which would be simply his conclusion or opinion.

*Appeal from Jasper Circuit Court.*

THURSDAY, OCTOBER 4.

ACTION for the recovery of damages for a personal injury, which it is alleged plaintiff sustained by reason of a fall upon a defective sidewalk. There was a trial by jury, and verdict and judgment for plaintiff. Defendant appeals.

*S. N. Lindley*, for appellant.

*J. C. Cook*, for appellee.

ROTHROCK, J.—I. While the jury was being empaneled, the regular panel having been exhausted, the sheriff was ordered to fill the jury from the bystanders, and among others called one McKean. The defendant challenged said juror for cause, and upon an examination it appeared that he had served as a juror upon the trial of a case at that term. The ground of the challenge was that said McKean was not a member of the regular panel, and had served as a juror in a court of record within one year before that time.

The court overruled said challenge, to which ruling the defendant excepted. After said ruling the defendant perempto-

rily challenged three jurors, and it being the defendant's right to still challenge peremptorily, and said McKean being then on the jury, the defendant waived any further challenges, and the jury was sworn, including the said McKean.

Conceding that the challenge for cause should have been sustained, under section 239 of the Code, yet, as the defendant afterwards accepted the juror by not exercising his right to challenge him peremptorily, it does not appear that there was any prejudice to the defendant in overruling the challenge for cause. *State v. Elliott*, 45 Iowa, 486, and cases there cited.

II. It is averred in the petition that the sidewalk where the injury was received was on a street within the corporate

2. MUNICIPAL corporations: sidewalk: pleading.

limits of said town, and that the said sidewalk had been ordered and caused to be constructed by defendant. The allegation that the sidewalk was ordered or caused to be constructed by defendant was denied in the answer.

It is urged that, as the evidence shows the walk was not constructed by the defendant, or by its order, there can be no recovery in this action.

It is not denied that the defendant would be liable, even if the walk had been constructed by a private person without its order, if the defect were known to defendant, or was so notorious as with the exercise of ordinary diligence the town authorities would have discovered it in time to have repaired it before the accident. But it is claimed the pleadings do not present this issue, and that there is a variance between the pleadings and proof.

The town is invested with the control of the streets, and as a question of pleading we think an allegation that the improvement was made by order of the town is sufficiently supported by proof that the work was done by a citizen. It is a fair presumption that it was done at least by the permission of the city.

The same facts will sustain the action in both cases, with the exception, possibly, of the notice of the defective condition of the walk. If defective in its original construction, and it was built by the town, no notice would be required. But conced-

ing that there was a variance between the allegation and the proof we think it was immaterial and without prejudice. Code, section 2686. The instructions asked by defendant, based upon the idea that in order for the plaintiff to recover the jury must find that the sidewalk in question was built by defendant, were properly refused.

III.  Pending the trial the defendant sought to prove that the sidewalk was not more dangerous to travel than the street was before the sidewalk was built. To this evi- 3. EVIDENCE: conclusion of witness. dence the plaintiff objected for the reason, among others, that it called for a conclusion from the witness, and not for facts. The objections were sustained, and we think properly. The witnesses could only properly give facts as to the condition of the walk and the condition of the street before the walk was built. To do more would be giving an opinion as to the dangerous condition of the walk and street, and this was not allowable.

AFFIRMED.