(Judge Cox, of the First Circuit, taking the place of Judge Bradbury.)

THE INCORPORATED VILLAGE OF MIDDLEPORT v. LYDIA TAYLOR.

1. ACTION FOR INJURIES SUSTAINED BY A DEFECTIVE SIDEWALK.

In an action against a municipal corporation for injuries sustained by a defective sidewalk, the better practice is to set out in the petition the dangerous character of the sidewalk.

2. FAILURE TO ALLEGE THAT THE CORPORATION HAD NOTICE OF SUCH DEFECT.

The mere allegation that it was the duty of the corporation to keep the sidewalk in repair and that it negligently omitted to do so, without alleging that it had notice of the defect before the injury, or that the defect was occasioned by some *positive misfeasance* of the corporation, its officers or employees under its authority, or some facts from which notice would be implied, is not sufficient to sustain an action and a demurrer to it will be sustained.

3. INCONSISTENCY OF SPECIAL FINDINGS WITH THE GENERAL VERDICT, EFFECT.

When as in this case, the special findings of fact by the jury is inconsistent with the general verdict, the special findings will control the general verdict. Sec. 5201, Rev. Stat.

ERROR to Court of Common Pleas of Meigs county.

Cox, J.

The plaintiff in error seeks to reverse the judgment of the court of common pleas.

In the case below Lydia Taylor brought suit to recover damages suffered by reason of alleged negligence of defendant, a municipal corporation, in failing to keep in repair a sidewalk within its limits.

The allegations of the petition is that the defendant did so carelessly and negligently omit to keep and maintain the said sidewalk along the northern side of Rutland street in good and sufficient repair for the passage of persons along the same, that the plaintiff, while passing along and upon the said sidewalk, by reason of its defects, and without any fault on her part, fell and was greatly injured.

To this petition there was a general demurrer, which was overruled, to which ruling defendant excepted.

An answer was then filed by defendant admitting its corporate capacity, but denying every other allegation of the petition.

The case then proceeded to trial before a jury, and the following questions were submitted by the court to be answered by the jury:

1. Was the sidewalk at the time the injury occurred in good condition and repair? To which the jury answered, "No."

2. Had the defendant notice prior to the time the injury to plaintiff occurred, that the sidewalk at the point where the injury happened, was unsafe and dangerous? The jury answered, "Yes."

3. Did the plaintiff see and know the nature and condition of the sidewalk at the point, before and at the time of her passing over it, when she received the injury complained of ? Answer, "She knew the defect in the sidewalk at the time, but did not apprehend danger."

4. Could she have easily avoided the danger, by walking in the street, or on the opposite sidewalk? Answer, "Yes."

5. What amount of damage has the plaintiff sustained by reason of the injury caused by her fall, if any? Answer of jury, "$300.00."

The defendant then moved the court for a judgment in its favor, on the special findings of the jury, because the general verdict is inconsistent with the special findings, and that said special findings require the court to render a judgment in favor of defendant, which motion the court overruled, and rendered a judgment in favor of plaintiff on the general verdict of the jury, to-wit, for $300.00.

The plaintiff in error complains that there is error in the proceeding and judgment of the court below in this, first, that the petition of plaintiff was insufficient in law to maintain an action; and, second, that the court erred in overruling the demurrer of defendant to said petition; third, that the court erred in overruling the motion of defendant for judgment in its favor on the specified findings of the jury; fourth, that the court erred in rendering a judgment on the general verdict in favor of plaintiff; fifth, that judgment should have been entered for defendant below.

In support of the demurrer, it is claimed that the petition is defective in not stating that the sidewalk was unsafe and dangerous; and, second, that it does not state that the corporation had knowledge of its defective condition.

As to the first point, we are cited to the precedents in other cases, which seem to etablish it as the usual practice to make the allegation in the petition that the sidewalk is unsafe and dangerous. Schaeffeer v. City of Sandusky, 33 O. S., 246; Bates Pleading, 602; and the recent case of Lydia R. Chase v. The City of Cleveland, decided by the Supreme Court, and reported in 44 O. S., 505.

A municipal corporation is not an insurer against accidents upon the streets and sidewalks. Nor is every defect therein, though it may cause the injury sued for, actionable. It is sufficient if they are kept in a reasonably safe condition for travel in the ordinary modes by day and night. Dillon on Municipal Corporations, sec. 1019.

Without deciding that this averment that the sidewalk was unsafe and dangerous is absolutely necessary, we think it safer and better pleading to follow the precedent established by long practice, and to set out by some suitable words the character of the defect, stating that it was such as to render it dangerous.

As to the second ground, that the petition does not aver that the corporation had notice of the defective condition of the sidewalk.

It is contended by defendant in error, that as she has alleged a further duty on the part of the corporation to keep the sidewalk in good condition, that she has sufficiently met the objection by alleging that it carelessly and negligently did omit and neglect to keep it in repair, and that this makes a charge of negligence, which is sufficient. Citing Bliss on Code Pleading, sec. 211; Sherman & Redfield on Negligence, secs. 2, 123, 148, 149. But we do not think these authorities sustain the position claimed by defendant in error. Sherman & Redfield, in sec. 147, sustain, as we conceive, the reverse. It is there said that, "Negligence must be affirmatively shown, and the mere existence on the highway of an obstruction or other defect is not enough to establish negligence in the

corporation. It must not only appear that the defect could have been prevented or cured by the use of ordinary care, but the corporation must in some way be connected with the defect, as for example, by having directly caused it, or having assented to its creation by another, or having, with a knowledge of its existence, permitted it to remain. Thus, where a city corporation causes a sewer to be constructed in a public street, in the course of which an excavation is made, it is the duty of the corporation, as the originator of the excavation, to see that it is properly protected, and if, through neglect of this duty a passerby is injured, the corporation is liable in damages. So also, where a municipal corporation by its common council or other officers, authorizes a private individual to interfere with a street, as to lay a drain or railroad track under or upon it, it is the duty of the corporation to supervise the work so undertaken, and on the failure to do so, is culpable negligence, and no notice to the corporation is necessary in such cases."

Dillon on Municipal Corporations lays down the principle as follows: section 1020. "The ground of the action is either positive misfeasance on the part of the corporation, its officers or servants, or by others under its authority, in doing acts which cause the street to be out of repair, in which case no other notice to the corporation of the condition of the street is essential to its liability; or the ground of action is the neglect of the corporation to put the street in repair, or to remove obstructions therefrom, or to remedy causes of danger occasioned by the wrongful act of others, in which case notice of the condition of the street, or what is equivalent to notice, is necessary to give to the person injured, a right of action against the corporation."

And in the case of Lydia R. Chase v. City of Cleveland, 44 O. S., 505, recently decided by the Supreme Court of this state, substantially the same doctrine is held.

The syllabus of the case is: "In a suit against a municipal corporation, to recover for injuries occasioned by falling on a slippery sidewalk, allegations in the petition, which aver that the defendant is a city of the first class; that the street where the accident occurred, is a public highway within the corporate limits; that upon a sidewalk in front of property of a private owner, the city negligently suffered ice and frozen snow to accumulate, and for a number of days to be beaten smooth and slippery, and for that reason dangerous to those passing along it, and so remain for some days, of which condition the city had been, or might have informed itself in time to have made the sidewalk safe before the accident, are not sufficient to show negligence."

The court say, on page 454: "Is this a sufficient charge of negligence? To show negligence, it must be made to appear, first, that the city had notice, actual or constructive, of the dangerous condition of the walk in time to remedy it, and second, that having such notice, it was the city's duty to remedy it."

Particular emphasis is put by the court on the allegations of the petition that the "city had or might have informed itself," as not being a positive allegation that the city had notice. For they say "it means only that it might have informed itself, which is another form of saying that it was possible to have obtained the information."

"The allegations referred to are, therefore, clearly insufficient to show notice to the city," so that the plaintiff is remitted as to this essential element, to the allegation that it was possible for the city to have obtained the information."

To the same effect, Barnes v. Town of Newton, 46 Ia., 567; Mack v. City of Salem, 6 Oregon, 275.

The petition thus found defective is fully as complete as the one at bar.

We hold that the petition of plaintiff was insufficient in the want of an averment that the corporation had notice of the defective character of the sidewalk, and the demurrer should have been sustained.

As to the other ground, that the special findings of the jury were inconsistent with the general verdict:

In the general verdict finding for the plaintiff, the jury must have been satisfied from the evidence that the injury complained of occurred by reason of the negligence of the corporation, and was not induced by the contributory negligence of the plaintiff; and yet while this is the legal conclusion from the general verdict, the special findings are that the sidewalk was in bad repair, and that the corporation had notice of that fact before the injury occurred; but that the plaintiff knew also of its bad condition before and at the time of the injury, but did not apprehend danger; and that she could easily have avoided the danger by walking in the street or on the opposite sidewalk. These special findings are entirely inconsistent with the general verdict, and substantially the same case has been thus decided in Schaefler v. City of Sandusky, 33 O. S., 246.

By sec. 5201, Rev. Stat., when the special finding of fact is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly.

But the court permitted the general verdict to control the special findings, and in this we are of opinion it erred, and for this reason also the judgment is reversed.

The cause will be reversed and remanded to the common pleas for further proceeding.

Graham, Grosvenor, Laslie & Vorhees, for plaintiff in error.
Russell & Russell, for defendant in error.