## CLEMENT v. LOUISVILLE & N. R. CO.

(Circuit Court, E. D. Louisiana, New Orleans Division. May 16, 1907.)

No. 13,748.

1. DAMAGES—PLEADING—EXEMPLARY DAMAGES.

In a petition in an action against a carrier for refusal to deliver certain cars of lumber except on payment of charges alleged to be illegal, which places plaintiff's actual damages at $200, a mere allegation that plaintiff is entitled to $2,000 punitive damages states no case for the recovery of such punitive damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, § 420.]

2. COURTS—JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY.

In suits for damages, federal courts are required to take note of the fact, when it is a fact, that the plaintiff cannot, under the allegations of his petition, possibly recover as much as $2,000, and the allegations as to the quantum of damages must in such case be regarded as merely colorable, and made solely for the purpose of stating a case apparently within the jurisdiction of the federal court as to amount.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 897.]

3. SAME—FEDERAL QUESTION—ACTION UNDER INTERSTATE COMMERCE LAW.

An action by a shipper against a railroad company engaged in interstate commerce to recover damages because of an alleged discrimination in exacting a charge from one class of shippers, which is not required from another class, although the service is the same in both cases, is not

within the jurisdiction of a federal court, as one arising under the interstate commerce law, where it is not alleged that the charge is not in accordance with a schedule of rates duly published and filed with the Interstate Commerce Commission, nor that any application has been made to the Commission to correct such alleged discrimination.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 841.]

At Law. On motion for new trial.

Dart & Kernan and Henry P. Dart, Jr., for plaintiff.

Denegre & Blair and Victor Leovy, for defendant.

SAUNDERS, District Judge. The plaintiff herein sues to recover from defendant $2,200 damages which the plaintiff alleges he has suffered through the refusal of the defendant to deliver three cars of lumber consigned over defendant's line to plaintiff in New Orleans. It is alleged that the defendant refused to deliver this lumber, unless the plaintiff, the consignee, would pay certain car service charges in addition to the freight charges due under the bill of lading. Plaintiff alleges, in substance, that the lumber was shipped to him under a local bill of lading, and that car service charges in New Orleans are made against shipments under local bills of lading, but are not made against shipments on through bills of lading for goods of the same sort, shipped at the same time, and carried in the same manner. He claims that the exaction of car service charges against shipments under local bills, while no such charges are exacted against shipments under through bills—the goods carried and the mode of carrying being the same—results in a discrimination by the carrier against consignees under local bills; and he alleges that the action of the defendant railroad in refusing to deliver the three cars of lumber mentioned in the petition, unless upon payment of said discriminatory car service charges, entitles him to recover from the defendant $2,000 punitive damages and $200 actual damages.

1. The petition contains no averment under which the claim for punitive damages could be sustained. The only clause in the petition relative to damages is as follows:

"Your petitioner avers that he has been damaged by the refusal of said Louisville & Nashville Railroad Company to deliver the aforesaid dogwood lumber to the steamship Cestrian in the sum of $2,200; that the refusal of the railroad company to make delivery caused the owner to be in default on his contracts, and has impaired your petitioner's standing and credit in this community with his clients in the sum aforesaid, for which your petitioner is entitled to $200 actual damages and $2,000 punitive damages."

It is obvious that under the above averments no punitive damages can be recovered. The only claim that can possibly be passed upon under this petition is that for $200 actual damages; and it is, to say the least, exceedingly doubtful if the plaintiff can recover even actual damages under his averments. He seems to base his actual damages solely on the assertion that, in consequence of the refusal of the defendant to deliver, the owner was unable to meet certain contracts he had made. Now, there is no averment that the carrier undertook the delivery of the lumber with reference to

these contracts, or was even informed of their existence. The carrier would not then be liable for damages the consignee or owner sustained through failure to meet them. The claim for damages caused to the plaintiff's "standing and credit in the community" by the nondelivery are clearly too remote to be recovered.

In suits for damages, federal courts are required to take note of the fact, when it is a fact, that the plaintiff cannot, under the allegations of his petition, possibly recover a sum of as much as $2,000. The allegations as to the quantum of damages must, in such cases, be regarded as merely colorable, and made solely for the purpose of stating a case apparently within the jurisdiction of the federal court as to amount. See Vance v. Vander Cook, 170 U. S. 472, 18 Sup. Ct. 645, 42 L. Ed. 1111; Transportation Co. v. Morrison, 178 U. S. 266, 20 Sup. Ct. 869, 44 L. Ed. 1061.

As the plaintiff is not legally entitled, under the averments of his petition, to recover in this case damages to the amount of $2,000, this court has not jurisdiction herein, unless it be true, as the plaintiff contends, that the controversy arises under the interstate commerce act, and that the federal Circuit Court had exclusive jurisdiction over all such controversies, regardless of the amount involved. That proposition will now be considered.

2. The plaintiff complains that the defendant discriminates against a class of consignees to which he belongs. The petition excludes the idea of any personal, individual discrimination against plaintiff. The substance of the charge is that a general rule imposes upon consignees, under local bills of lading, certain charges from which consignees under through bills of lading are exempt, though the carriage service is the same in both cases.

There is no allegation that the charge complained of is in violation of the tariff rates, which it is the duty of the defendant to submit to the Interstate Commerce Commission, and to post and act on when allowed by that body. The petition neither alleges nor denies that there was a duly filed and posted tariff of rates applicable to the determination of the freight charge herein complained of. As the defendant is, and is averred to be, engaged in interstate commerce, it is the defendant's legal duty to comply with the requirements of the Interstate Commerce Commission act. The petition does not suggest that this requirement has not been complied with, and the allegation that the discrimination is against all consignees under local bills of lading, and under rules of a car service association, irresistibly implies that the charge complained of was made under a tariff. In the absence of a positive charge, and of even an intimation in the petition that the defendant has violated the statute, by failing to post a tariff, I am bound to presume that the defendant has done what the statute requires, and has duly filed and posted its tariff, and that the charge complained of is made thereunder.

Assuming this to be the case, the plaintiff cannot maintain the present action in this court under the allegation of an unreasonable discrimination, until he has first applied to the Interstate Commerce Commission, and sought to obtain a correction of the tariff, if it is unjust and discriminating, from that body. T. & P. Ry. Co. v.

Abiline. Cotton Oil Co., 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. ——.

If the charge is made according to a regular tariff, and that tariff does establish an unfair and illegal discrimination in making the charge herein complained of, then the proper and fair way to correct the discrimination is to correct it at the same time as to every one affected by it. This can be done only by proceeding before the Interstate Commerce Commission. When complaint is made to the Commission, it may decide that the charge is proper and should be allowed. An opposite conclusion might be reached in this suit. The result, then, would be to establish for a while an unfair discrimination in favor of this plaintiff.

I am convinced that the plaintiff cannot maintain the present suit, and the judgment of the court heretofore pronounced, dismissing the suit, is therefore maintained.