AMERICAN UNION COAL CO. v. PENNSYLVANIA R. CO.

(Circuit Court, E. D. Pennsylvania. February 7, 1908.)

No. 82.

1. CARRIERS—RATES—DISCRIMINATION—INTERSTATE COMMERCE ACT—PLEADING.
    Where a count in a complaint against an interstate carrier alleged a discrimination in rates against plaintiff, in that defendant charged plaintiff the full tariff rates and permitted plaintiff's competitors by a device to transport their similar products at a lower rate, it stated a cause of action for violating Interstate Commerce Act, Act Feb. 4, 1887, c. 104, § 2, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3155], prohibiting discrimination, and was therefore not demurrable, though it also insufficiently attempted to allege a combination or conspiracy, on defendant's part, with certain other railroads to restrain trade, and to recover treble damages under the Sherman Anti-Trust Act, Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200].

2. SAME—REASONABLENESS OF RATES.
    Where an interstate carrier charged plaintiff the regular posted tariff rates, plaintiff could not maintain an action at law either under the Anti-Trust Act, Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200], or the Interstate Commerce Act, Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154], for a readjustment of such rates on the ground that the same were unreasonable or unlawful, its remedy being by application to the Interstate Commerce Commission to have the schedule of tariffs adjusted on a reasonable and lawful basis.

J. W. M. Newlin, for plaintiff.
John Hampton Barnes, for defendant.

On Demurrer to Plaintiff's Statement.

HOLLAND, District Judge.   In the first count in the statement the plaintiff has a good cause of action, upon the facts stated, under the interstate commerce act, for a violation of the second section of the interstate commerce act, as amended, for discriminating against plaintiff in charging it the full tariff rates and permitting its competitors, by a device, to transport their coal at a lower rate.   The plaintiff, however, alleges a combination or conspiracy on the part of the defendant with certain other railroads to restrain trade, which combination, etc., is effected by charging the plaintiff the tariff rates and charging its competitors less than the tariff rates.   This difference in charge per ton is laid as the damage suffered by plaintiff, and treble the amount is claimed under the Sherman Anti-Trust Act, Act July 2, 1890, c. 647, 26 Stat. 209 [U. S. Comp. St. 1901, p. 3200] ; that is to say: The first count attempts to lay a cause of action under the Sherman anti-trust act by alleging a combination and conspiracy of the defendant with other railroads, but the facts averred in the statement do not set forth a combination or conspiracy to restrain trade, and the damage claimed is for an injury for which damage can be collected only under the Interstate Commerce Act, Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154], to wit, by unlawful discrimination against plaintiff in collecting tariff rates from it and by rebates and other devices permit its competitors to transport their coal for less per ton.   The second count claims treble damages under the Sherman anti-trust act for an "excessive and unreasonable charge" of 55 cents per ton for certain number of tons of coal transported by the defendant company for the plaintiff at tariff rates.   The third count is a claim for treble damages under the Sherman anti-trust act for a charge for the transportation of plaintiff's coal over the defendant's road in excess of the lawful charge for the carriage of said coal, the price charged being the amount specified in the defendant's tariff of rates posted and filed with the Interstate Commerce Commission.

The ground of demurrer is the same to each of the three counts, to wit, that there are no averments of fact in any of the three counts showing an injury to the plaintiff in its business or property within the provisions of the Sherman anti-trust act of July 2, 1890.   In this we think the defendant is right.   There is no combination and conspiracy set forth in the first count which would entitle the plaintiff to recover treble damages under the anti-trust act, but there is a cause of action under the Interstate Commerce Act, and the count will therefore be sustained under that act, and the matter therein contained, for the purpose of bringing it within the terms of the anti-trust act, can be regarded as surplusage.

The demurrer, however, is sustained as to the second and third counts, because it appears from the facts stated in both these counts that the amount charged by the defendant company was the tariff rates of the defendant company, which they had posted and filed with the Interstate Commerce Commission as required by law.   If the plaintiff regarded these charges "unreasonable," as set forth in the second count, or "unlawful," as alleged in the third count, its remedy was to apply

to the Interstate Commerce Commission and have the schedule of tariffs adjusted on a "reasonable" and "lawful" basis. There is no right of action either under the anti-trust act or the interstate commerce act for a readjustment of tariff rates filed and posted other than through the Interstate Commerce Commission. A shipper cannot maintain an action at law for excessive and unreasonable freight rates exacted on interstate shipments where the rates charged were those which had been duly fixed by the carrier according to the act and had not been found to be unreasonable by the Interstate Commerce Commission. Texas & Pacific R. R. Co. v. Abilene C. & O. Co., 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553; Clement v. Louisville & N. R. Co. (C. C.) 153 Fed. 979.

For the reasons stated, the demurrer to the first count is overruled, and the demurrer to the second and third counts in the statement is sustained.

### On Discharging Rule for Amendment to Statement.

It is true the proposed amendment follows the wording of the Sherman anti-trust act and the language of the Supreme Court case, Loewe v. Lawler (decided February 3, 1908) 208 U. S. 274, 28 Sup. Ct. 301, 52 L. Ed. ——, in alleging a contract and combination in the form of a trust and conspiracy in restraint of trade, but the facts in detail set out in the amendment, instead of showing a contract or combination in the form of a trust or conspiracy in restraint of trade, show a case prohibited by the commerce act; whereas, in the Loewe v. Lawler Case, supra, the facts show a clear conspiracy to restrain trade, prohibited by the anti-trust act. The alleged acts of defendant which caused the damage are those condemned by the commerce act, and the case cannot be brought within the purview of the anti-trust act by using the language of the latter to describe a cause of injury prohibited by the former.

In sustaining the amendment, it was held the first count stated a good cause of action under the commerce act and regarded the statements intended to bring it within the scope of the anti-trust act as surplusage. This amendment would simply restore the count to its original form. Holding still the view expressed upon the demurrer, the rule to show cause why the first count should not be amended is discharged.