J. R. WOOD & SONS, Appellants, v. J. A. GRIFFITH.

**Appeal on certificate:** DISCRETION. The power of the trial court to certify that a cause involving less than one hundred dollars is one in which an appeal should be allowed should be exercised with discretion, and where the questions involved are not of such doubtful character as to call for an adjudication by the Supreme Court the appeal will be dismissed without a review of the record.

*Appeal from Keokuk District Court.*—HON. K. E. WILCOCKSON, Judge.

THURSDAY, FEBRUARY 18, 1909.

ACTION for balance of $35 alleged to be due resulted in a judgment for defendant. On the trial judge's certificate the plaintiff has appealed.—*Affirmed.*

*C. M. Brown,* for appellant.

*T. C. Legoe,* for appellee.

PER CURIAM.—No doubtful question of law is raised in the record before us, and, as the findings of the trial court on the issues of fact are as conclusive as a verdict of a jury, the conflict in the evidence precludes any interference with such findings. The only error we discover is that of the presiding judge in certifying that the cause is one in which an appeal should be allowed. See section 4110, Code. The theory of the statute in limiting appeals to this court to causes wherein the amount involved, as shown by the pleadings, exceeds $100, is that little advantage can accrue to either party owing to the expense of an appeal where a lesser amount is in issue, and the questions raised are not likely to be of doubtful character. Exceptions, however, are recognized and so, when questions of law are presented in a cause in which the amount involved in the pleading is $100 or less which should be determined in order that the decision may serve as a precedent, the trial judge by an appropriate certificate may allow an appeal. Section 4110, Code. Formerly the precise question was required to be certified. Section 3173, Code 1873. Now, the judge merely certifies that the cause is one in which an appeal should be allowed. This should not be done as a matter of grace to a party applying therefor, but solely on the ground that the questions raised by the record are of such doubtful character as to call for adjudication by this court. *McLaughlin v. Bradley* (Iowa), 118 N. W. 389.

We are of opinion that there was an abuse of discre-

tion in allowing the appeal, and, for this reason, the judgment will be affirmed without reviewing the record.—
*Affirmed.*