O. C. HERMINGHAUSEN, Appellant, v. ADAMS EXPRESS COMPANY, Appellee.

**Carriers:** INTERSTATE COMMERCE: PLEADINGS. Where the defendant express company, in an action against it to recover an alleged overcharge for an interstate shipment, admitted that it was within the Interstate Commerce Act, the sufficiency of the petition with reference to such act was properly raised by demurrer, although there was no allegation referring to the terms of the act.

**Same:** RATES: PRESUMPTION. Where plaintiff alleged that he paid a certain transportation charge at the time of shipment, and was required to pay an additional sum at destination, but failed to allege that the total payment was not the true and published rate, it will be presumed, in an action to recover the alleged overcharge on the interstate shipment that the total amount paid was the legal rate.

Same:  RATES:  FAILURE TO POST.  Failure to keep express rates posted at stations as required by the Interstate Commerce Act is not essential to make the rates legally operative.

Same:  RATES:  PLEADINGS.  In an action against a carrier to recover an alleged overcharge, the allegation that if the rate charged was the true tariff, the defendant's agent falsely and wrongfully stated to the plaintiff that the rate was a lesser sum, which he paid upon making shipment, was consistent with the fact that the agent made a mistake or that he favored plaintiff with a lower rate, and in either event would be false and wrongful.

Same:  RATES:  REBATE:  OVERCHARGE:  RECOVERY.  Under the provisions of the Interstate Commerce Act any concession from the published rates is an unlawful rebate.  So that where plaintiff paid a certain charge upon making an interstate shipment, and an additional sum at destination, which was the legal rate, he could not recover the latter sum either on the ground of fraud, deceit, or the authority of the carrier's agent to bind it; as neither the carrier nor its agent could lawfully contract for shipment at less than the filed and published rate.

*Appeal from Lee District Court.*—HON. H. BANK, JR., Judge.

THURSDAY, NOVEMBER 5, 1914.

THE trial court sustained a demurrer to count 3 of plaintiff's petition.  The plaintiff appeals.—*Affirmed.*

*Herminghausen & Herminghausen,* for appellant.

*Green & Breckenridge* and *George B. Stewart,* for appellee.

PRESTON, J.—I. The original petition was in two counts, which are not set out in the abstract.  By way of amendment to petition, plaintiff filed a third count, substantially as follows: That on April 27, 1909, at Montrose, Iowa, he delivered to the defendant one jack, crated, for shipment to Weiner, Ark., and on delivery of said jack he paid the express charges in full as given to him by the agent of the defendant company

at Montrose in the sum of $28; that when the jack arrived at Weiner delivery thereof was refused to the plaintiff until a claim for charges in the sum of $102.50 should be paid; that in order to release the jack plaintiff paid, under protest, the wrongful charge of $102.50 thus made; that, though demanded, no refund of said amount has been made, and the whole, with interest, is due; and that no rate or tariff sheet was posted for shippers in the office of the company at Montrose; that plaintiff, before purchasing said jack, in good faith inquired of the agent of defendant company about the shipping rates for a jack from Montrose to Weiner, Ark., with the intent to learn the true rates; that, if the rates exacted are the true tariff rates, then the defendant, through its agent, falsely and wrongfully misrepresented to the plaintiff the charges to be $28, to his injury. He further alleges that the plaintiff, before shipping the jack, inquired whether the jack would have to be crated, and was informed by the agent that the company would receive the jack in no other way than crated, which representation was false and wrongful; that the crate weighed two hundred and forty pounds, and the tariff charges were made on the jack and the crate, to plaintiff's injury. Wherefore plaintiff demands judgment. It seems to be conceded in argument that defendant had answered as to counts 1 and 2 of the petition. To count 3 it interposed a demurrer on a number of grounds. The demurrer was sustained generally, and all questions raised thereby have been argued. If the ruling was correct on any ground, it should be affirmed.

Appellant says that there is no averment in the pleadings demurred to which presents or refers to anything in the Interstate Commerce Act, and that, consequently, that question

1. CARRIERS: interstate commerce: pleadings.

could not be raised by demurrer, but, if at all, by answer, and, further, that if the allegations are not sufficient, the appellee's remedy would be by motion for more specific statement. As to the first proposition, while it is true that plaintiff does not in count 3 refer to the Interstate Commerce Act, it does appear on the

face of the petition that the shipment was by express from Iowa to Arkansas, and is, therefore, an interstate shipment. It is admitted that the express companies have been brought under the provisions of the Interstate Commerce Act. And it is true that if the allegations of the petition are indefinite the defendant may move for a more specific statement. But the count must state a cause of action, and, if it does not do so, then the pleading is subject to demurrer.

II. Plaintiff paid $28 when the shipment was made, and $102.50 more at the destination in Arkansas, making a total of $130.50. It is not alleged that this is not the true rate filed

2. SAME: rates: presumption.
and published with the Commission, as required by law. It is presumed to be so in the absence of averments to the contrary. *Clement v. Railway Co.* (C. C.), 153 Fed. 979.

That the defendant did not keep the rates posted at its office in Montrose is not now material. Though the act provides a penalty for a failure in this respect, it is not essential

3. SAME: rates: failure to post.
to make the rates legally operative. *United States v. Miller*, 223 U. S. 599 (32 Sup. Ct. 323, 56 L. Ed. 568); *K. C. S. R. Co. v. Albers Commission Co.*, 223 U. S. 573, 594 (32 Sup. Ct. 316, 56 L. Ed. 556, 557); *Texas, etc., Railway v. Cisco Oil Mill*, 204 U. S. 449 (27 Sup. Ct. 358, 51 L. Ed. 562).

The petition does not allege that the agent at Montrose purposely or knowingly gave a false rate, but the allegation is that, if the rate exacted is the true tariff rate, then defendant,

4. SAME: rates: pleadings.
through its agent, falsely and wrongfully stated the rate to be $28. Under this allegation, the agent may have made a mistake, or may have given a lower rate for the purpose of favoring plaintiff. In either event, it would be false and wrongful.

Appellant contends that the question in this case is not a question of rates at all, citing *Cramer v. Railway*, 153 Iowa,

103. In that case there was no question of rates, but it seems to us in this case, call it what we may, it is nothing but a question of rates. As already shown, we must assume that the rate charged,

5. SAME: rates: rebates: over-charge: re-covery.

$130.50, was the legal rate. Plaintiff alleges that a rate was given to him of $28, which he agreed to and did pay, and he seeks to recover back the difference between the true rate and the lower rate given.

It seems quite clear that, under the act itself and the decisions, he may not do so. Section 6 of the Interstate Commerce Act provides that no carrier shall charge, or demand, or collect, or receive a greater, or less, or different compensation for such transportation of passengers or property, or for any service in connection therewith, between the points named in such tariffs, than the rates, fares, and charges which are specified in tariff filed and in effect at the time; nor shall any carrier refund or remit in any manner or by any device any portion of the rates, fares, and charges so specified, nor extend to any shipper or person any privileges or facilities in the transportation of passengers or property except such as are specified in such tariffs; and section 10 of the act (U. S. Comp. St. 1913, section 8574) makes it a criminal offense, subject to severe punishment, for a carrier, or any of its officers or agents, to permit, or for a shipper to obtain, transportation for property at less than the regular rates then established. It is quite evident that the rates as fixed and published must be strictly observed, and there must be no departure from them; the purpose of the act being that there shall be one rate and equal privileges for all. *Winn v. Express Co.*, 149 Iowa, 269; *Armour Packing Co. v. United States*, 209 U. S. 56 (28 Sup. Ct. 428, 52 L. Ed. 681).

It has been held that any concession from the published schedules is a rebate. If plaintiff may recover here, he obtains a rate of $28, when the legal rate is $130.50. It is claimed by appellant that he is entitled to recover because of the alleged false representation of the agent of defendant. In his

reply brief, the argument is that he is entitled to recover as for fraud and deceit, which is a broader claim than that alleged in the third count of the petition.  But, under the act of Congress and the cases, he may not obtain a lower rate than the published schedule by any device or in any manner whatever.  In *Texas & Pacific Ry. Co. v. Mugg*, 202 U. S. 242 (26 Sup. Ct. 628, 50 L. Ed. 1011), it appears that the Texas courts held the railway company liable for misrepresentation of the rate of freight, but this was reversed.

Cases are cited by appellant as to the authority of an agent to bind his principal.  But, under the Interstate Commerce Act, it would be unlawful for either the principal or agent to agree to a rate different from that published.  It will not be presumed that the agent was authorized to do an unlawful act.

There might be some question as to the representation or statement that the animal must be crated, and that plaintiff was compelled to pay for two hundred and forty pounds more.  But we are of opinion that such question is not properly pleaded.  This point is barely touched upon in argument.  It is not alleged that plaintiff would have shipped the jack uncrated, but for such statement.  For aught that appears in the pleading, plaintiff would have shipped crated anyway.  It is not alleged that plaintiff relied upon such statement, nor is there any allegation that the rate charged was not the true rate for a crated jack.

We conclude that the demurrer was properly sustained on the grounds suggested.  This renders it unnecessary to refer to other points argued.

The judgment is therefore—*Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.