G. E. PEDERSON, appellant, v. MRS. E. STEVENS, appellee.

No. 47655.

(Reported in 43 N.W.2d 743)

AUGUST 1, 1950.

Charles P. Howard, of Des Moines, for appellant.

Ralph L. Powers and Joseph Z. Marks, both of Des Moines, for appellee.

MANTZ, J.—Plaintiff brought an action at law in the Municipal Court of Des Moines, Iowa, to collect rent upon leased premises in said city. The defendant interposed a counterclaim alleging damages for the wrongful taking of certain personal property from the leased premises and of depriving her of her rightful possession, alleging that the actions of the landlord in so doing were of such a character as to entitle her to exemplary damages. Upon motion of defendant, the case was transferred to the District Court in and for Polk County, Iowa, where the issues were tried to the court. The court allowed plaintiff his claim for rent. It also allowed defendant to recover on her claim for damages, and also exemplary damages. Judgment was entered in conformity with the finding of the court. The plaintiff has appealed.

I. The allowance of rent is not involved. There was no motion for a new trial. The notice of appeal is not set out in the record.

The defendant rented of plaintiff a certain dwelling in Des Moines, Iowa, and used it as a sort of a sales place or storage for certain personal property, largely secondhand furniture, dishes, glassware, and antiques. It is her claim that without her knowledge or consent, and during the time she had possession of the premises, the plaintiff, his agents and employees hauled away a large amount of such property and deprived her of the possession thereof. Her counterclaim is based upon the loss of such property and for the value thereof.

Plaintiff admits that he took certain property from the premises but claims that it was "junk"; and that he did so in compliance with an order issued by the City Building Department of Des Moines, which ordered the place cleaned up.

894

As trier of the facts the court found the value of the property taken, that plaintiff was liable for the value thereof, and that the manner of the taking was such that exemplary damages were proper.

II. Plaintiff set out in his brief certain claimed errors. His argument upon said claimed errors is extremely brief.. Therein he makes reference to a certain rule of procedure (section 686.2, Code, 1946) which states that no motion for a new trial is required.

Plaintiff urges five errors. We consider them in the order presented.

III. The first of such assigned errors is the court's refusal of his offer to place in evidence an order of the City Building Department. The plaintiff offered such order but there was an objection that the same was not properly identified, that it was irrelevant and immaterial to any of the facts in the case in that it purported to be an order to clean up the outside of the premises and not an order to remove the property from the building. The objection was sustained. As the purported order is not shown in the record and is not before us, we are unable to pass upon it or its purposes.

The second error is that the court erred in striking out the testimony of a witness, Mrs. Dency Brown, that the property removed from the premises was "junk". The objection urged to such testimony was that it was an opinion and conclusion of such witness, and the court ordered it stricken. We hold that the ruling was correct. Barnes v. Incorporated Town of Newton, 46 Iowa 567; See v. Wabash Ry. Co., 123 Iowa 443, 99 N.W. 106; Kesselring v. Hummer, 130 Iowa 145, 106 N.W. 501; In re Will of Diver, 214 Iowa 497, 240 N.W. 622; Randell v. Iowa State Highway Comm., 214 Iowa 1, 241 N.W. 685.

In neither of the above assigned errors does counsel for plaintiff cite a single authority to sustain such claims.

The third claimed error is that the court erred in allowing defendant to place a valuation upon the property she claimed lost by reason of the acts of the plaintiff.

As defendant was the owner of such property she was competent to give an opinion as to its value. Tubbs v. Garrison, 68 Iowa 44, 25 N.W. 921; Helm v. Anchor Fire Ins. Co., 132 Iowa

177, 109 N.W. 605; Rottlesberger v. Hanley, 155 Iowa 638, 136 N.W. 776; Jeffries v. Snyder, 110 Iowa 359, 81 N.W. 678.

The fourth error urged is that the court erred in finding that defendant's counterclaim had been established by a preponderance ·of the evidence. The counterclaim was itemized and the evidence showed the value of the articles included therein. The claim as set forth in the counterclaim was that the value of the property taken was $9480.50. The trial court made specific findings as to certain articles and found that the value of such as taken and revealed by the evidence was $668; also that after deducting the $90 rental allowed, there remained $578.

The finding of fact by the court was equivalent to a jury finding, and we hold that the evidence supports such finding. Hoogestraat v. Danner, 209 Iowa 672, 228 N.W. 632; Farrow v. Farrow, 162 Iowa 87, 143 N.W. 856; Collins v. Collins, 139 Iowa 703, 117 N. W. 1089, 18 L. R. A., N. S., 1176, 16 Ann. Cas. 630; Wood & Sons v. Griffith, 141 Iowa 314, 119 ·N.W. 745; Mathias v. Mathias, 167 Iowa 81, 149 N.W. 87; Iowa Methodist Hospital v. Utterback, 232 Iowa 739, 6 N.W.2d 284.

The last error urged, that the court erred in allowing defendant the sum of $250 punitive damages and actual damages in the sum of $668. We find no argument to support this assignment of error, and, under the rule, we hold that it was waived and cannot be considered. In such a case the claim of error will be deemed to be abandoned. Lotz v. United Food Markets, 225 Iowa 1397, 283 N.W. 99, and cases cited on page 1406. See also 3 Iowa Digest 298 (Appeal and Error, section 1078); Rule 344(a)(4) (Third), Rules of Civil Procedure.

We find no error in the record and the case is affirmed.— Affirmed.

All JUSTICES concur.