WILLIAM McDANNEL and LEOTA McDANNEL, appellees, v. PARK-VIEW INVESTMENT CORPORATION, appellant.

No. 51691.

(Reported in 136 N.W.2d 281)

1162

JUNE 30, 1965.

Sutton & Nielsen, of Altoona, for appellant.

James P. Irish, of Altoona, for appellees.

GARFIELD, C. J.—This law action was commenced October 23, 1961. It was tried in February 1963 and defendant filed timely notice of appeal. The printed record was not filed until January 29, 1965, largely because of the inexcusable neglect and delay of plaintiffs-appellees' counsel in filing in the trial court amendments to appellant's typewritten abstract as provided by rule 340(c), Rules of Civil Procedure.

Appellees' brief was not filed until the day before the appeal was submitted. It consists of only five pages, cites no

authorities, and is virtually no help to the court. Of course such conduct cannot be approved.

William McDannel and his wife Leota brought the action to recover the amount of a bank check for $8947.50 made and delivered to them by defendant Parkview Investment Corporation. The check was given as the purchase price of plaintiffs' variety store in Altoona. Defendant stopped payment on the check and plaintiffs never received any part of the amount thereof. Trial resulted in judgment on jury verdict for plaintiffs for the amount of the check. Defendant has appealed.

The action was also brought against the payee bank where plaintiffs presented the check for credit to their account and a duplicate deposit ticket was issued to them therefor. However, the trial court directed a verdict for the bank and no complaint of that ruling is made here. Plaintiffs' petition also claimed $10,000 for damage to their credit and financial reputation as a result of stopping payment on the check. The trial court also refused to submit this claim to the jury and the propriety of this ruling is likewise not involved in the appeal.

Defendant assigns ten errors. As we shall point out, some of them relate to one or the other of the claims not submitted to the jury and must be deemed without prejudice to defendant in view of the withdrawal of such claims, as above explained.

I.. The first assigned error is the overruling of defendant's motion to dismiss the petition, strike paragraph 10 of the petition as an opinion and conclusion, and require plaintiffs to state when the bank credited the amount of the check to plaintiffs' account and when the credit was removed.

■ The motion to dismiss asserts merely that the petition fails to state a cause of action against defendant. It does not allege wherein the petition is fatally defective. Motions to dismiss for failure to state a claim on which any relief can be granted "must specify wherein the pleading they attack is claimed to be insufficient." Rule 104(d), Rules of Civil Procedure. The motion to dismiss does not comply with this requirement. Newton v. Grundy Center, 246 Iowa 916, 919, 920, 70 N.W.2d 162, 164.

■ Paragraph 10 of the petition states plaintiffs believe *and*

*therefore. allege* the bank (which, as stated, was a defendant) was prompted to remove the credit of the amount of the check from their account by the wrongful acts of defendant maker through its authorized agents, naming them. Defendant thinks the allegation is a mere opinion and conclusion because based on plaintiffs' belief. We think the contention is without merit. Robinson v. Ferguson & Son, 119 Iowa 325, 326–328, 93 N.W. 350; In re Matthews, 57 Idaho 75, 62 P.2d 578, 582, 111 A. L. R. 13, 18; Colton v. Foulkes, 259 Wis. 142, 47 N.W.2d 901, 903; 71 C. J. S., Pleading, section 82b, pages 197, 198; 41 Am. Jur., Pleading, section 40.

As to defendant's motion for more specific statement, the petition alleges the bank credited plaintiffs' account with the amount of the check on September 25, 1961, the date it bears, and that the bank advised plaintiffs on the following day it was charging their account with this amount. This is sufficiently specific.

Other allegations of the petition defendant asked to be made more specific relate to plaintiffs' claim for damage to their credit and reputation by stopping payment on the check. As indicated, this claim was withdrawn from jury consideration and any error in overruling this part of the motion must be deemed without prejudice to defendant. The principle recognized in Spry v. Lamont, 257 Iowa 321, 325, 326, 132 N.W.2d 446, 449, and the many authorities there cited, is applicable here. See also Christianson v. Kramer, 257 Iowa 974, 135 N.W.2d 644, and citations.

II. Defendant complains it was not permitted to: cross-examine plaintiff William McDannel as to the sale of the store, make an offer of proof in question-and-answer form as to what the witness would testify, and examine plaintiff as to his knowledge of the order to stop payment on the check.

We have read and reread with care the entire examination of William McDannel and find no reversible error in any of these assigned respects. The trial court has considerable discretion in determining the scope and extent of cross-examination. Spry v. Lamont, 257 Iowa 321, 334, 132 N.W.2d 446, 453, 454, and citations; Castner v. Wright, 256 Iowa 638, 652, 127 N.W.

2d 583, 589, 128 N.W.2d 885; Crist v. Iowa State Highway Comm., 255 Iowa 615, 630, 123 N.W.2d 424, 433.

██ ██ The answer sought to be elicited by at least one of the questions to which an objection was sustained was shown at another point in the cross-examination and it is obvious the ruling was therefore without prejudice to defendant. Spry v. Lamont, supra, and citations. Another objection was made and sustained after the answer was given. Plaintiffs made no motion to strike or exclude the answer. Sustaining the objection did not have the effect of striking the answer and it remained in the record. Correll v. Goodfellow, 255 Iowa 1237, 1247, 125 N.W.2d 745, 751, and citations; Castner v. Wright, supra, 256 Iowa 638, 646, 127 N.W.2d 583, 587, 128 N.W.2d 885; Schneider v. Swaney Motor Car Co., 257 Iowa 1177, 1187, 136 N.W.2d 338, 344, and citations.

██ ██ Defendant asked and was permitted to make an offer of proof in the absence of the jury by questions put to McDannel which he answered. Plaintiffs' counsel objected to a few of the questions, not many, and the court indicated he believed the objections were good. Most of the questions just referred to related to recitals in the existing written sale contract and the objection the instrument speaks for itself was clearly good. Richardson v. Douglas, 100 Iowa 239, 243, 69 N.W. 530. We see no impropriety in the court expressing his view to that effect. It seems to be defendant's thought that since the examination of McDannel was in the absence of the jury, purporting to be an offer of proof, it was entitled to proceed much as in a discovery deposition under rule 143, Rules of Civil Procedure, and obtain plaintiff's answers even though inadmissible in evidence. (See Wheatley v. Heideman, 251 Iowa 695, 703, 102 N.W.2d 343, 348, 349, and citations.) We disagree with this view.

██ The questions defendant asked McDannel as to his knowledge of the order to stop payment on the check related to plaintiffs' claim for damage to their credit and financial reputation which, as stated, was withdrawn from jury consideration. Any error in these rulings must therefore be deemed without prejudice. See last paragraph of Division I, supra. This also

applies to defendant's assigned error in the refusal to permit it to examine McDannel as to his financial standing, even though the claim for $10,000 damages had not been withdrawn at that point in the trial.

III. Error is assigned in the refusal to permit defendant to ask two questions on cross-examination of plaintiffs' witness, the cashier of the drawee bank, concerning its practice and the general practice of the banking business in stopping payment on a check in some other manner than the stop-payment order made by this defendant. We find no error in sustaining plaintiffs' objection to these questions as immaterial and improper cross-examination.

IV. The ruling permitting plaintiffs' counsel to ask a leading question of McDannel on redirect examination was not reversible error. 1) Defendant-appellant's counsel did not object to the question as leading, only ground of the objection argued here. 2) Virtually the same answer was given on direct examination of this witness. 3) The question related to plaintiffs' claim for damages to their credit and reputation which, as stated, was withdrawn.

V. The eighth assigned error is not argued and is therefore deemed waived. Rule 344(a)(4)(Third), R. C. P.; Peterson v. Davis, 254 Iowa 1359, 121 N.W.2d 111, 114, and citations; Pederson v. Stevens, 241 Iowa 892, 895, 43 N.W.2d 743, 745.

VI. We think defendant's motion for directed verdict was properly overruled. In general the motion asserted the evidence was insufficient to prove the allegations of the petition. Plaintiffs alleged they presented the check for deposit to their account in the drawee bank which issued a duplicate deposit ticket therefor, on the following day the bank advised plaintiffs it was charging their account with the amount of the credit and that this removal of credit was prompted by the "wrongful, unlawful, willful and malicious acts" of defendant, through its authorized agents, naming them. Issuance of the deposit ticket and the stop-payment order from defendant by the named officers was shown without dispute. As stated, it conclusively appeared plaintiffs never received the proceeds of the check except

in the form of a temporary paper credit before the bank received the stop-payment order.

First ground of defendant's motion to direct was the claimed lack of proof of the allegation we have quoted. The court's instructions to the jury did not mention the charge of "unlawful, willful and malicious acts" and this part of the petition was, in effect, withdrawn. The instructions stated merely that plaintiffs allege removal of the credit "was prompted by the wrongful act of defendant." We think this was proper.

Defendant's answer denied the check was issued for a good and valuable consideration and alleged plaintiffs procured it by fraud. These issues were submitted to the jury and no complaint is made of the instructions. Unless one or both of these defenses were established there was no justification for defendant's stop-payment order and it must be deemed wrongful in the sense that it was without legal sanction. See Herminghausen v. Adams Express Co., 167 Iowa 230, 233, 149 N.W. 234, 235; In re Estate of Barrett, 167 Iowa 218, 225, 149 N.W. 247, 250; In re Estate of Elliott, 159 Iowa 107, 109, 140 N.W. 200, 201.

Defendant's complaint as to overruling other grounds of its motion to direct does not merit discussion.

VII. Defendant's final assigned error is the overruling of its motion, at the close of plaintiffs' evidence, to strike from plaintiffs' petition allegations regarding their claim for damage to their credit and reputation. The ruling presents no reversible error. The trial court stated the motion was overruled "at this time * * * and maybe before the case is finished I could have a brief on the points involved." As before explained, the allegations were later withdrawn and the jury was so instructed. The court's refusal to withdraw the issues at the close of plaintiffs' evidence was in accord with accepted practice. The motion had virtually the same effect as a motion to direct verdict as to these issues. See Christensen v. Sheldon, 245 Iowa 674, 689, 63 N.W.2d 892, 901, 48 A. L. R.2d 522; Glendy v. National Travelers Benefit Assn., 180 Iowa 572, 578–580, 163 N.W. 352.

We find no sufficient ground for reversal assigned and argued.—Affirmed.

All JUSTICES concur.